NOT DESIGNATED FOR PUBLICATION

No. 112,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CURTIS N. ALLEGRUCCI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 4, 2015. Appeal dismissed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Curtis N. Allegrucci appeals, claiming the district court erred when it revoked his probation and did not give him credit against his 7-month prison sentence for the time he was in inpatient treatment as a condition of his probation. Allegrucci has now served all of his time in prison and been released from his postrelease supervision. This matter is now moot, and the appeal is dismissed.

1

Allegrucci pled guilty to one count of burglary, a severity level 9 nonperson felony. The district court sentenced Allegrucci to an underlying 7 months' imprisonment, to run consecutive to any other case, with 12 months' postrelease supervision and then placed him on probation for 12 months. As a condition of his probation, Allegrucci was ordered to successfully complete inpatient drug and alcohol treatment.

In June 2014, Allegrucci's probation officer filed a warrant to revoke Allegrucci's probation alleging he had violated the terms of his probation by threatening staff and other residents with physical harm while confined at a mental health facility and by being unsuccessfully discharged from both Protection Valley Manor and Osawatomie State Hospital (Osawatomie) for acts of violence towards himself and others. At a hearing on the probation violation warrant, Allegrucci admitted to the alleged violations. The district court found Allegrucci violated the terms of his probation and was a danger to public safety sufficient to override intermediate sanctions. The district court revoked Allegrucci's probation and imposed his underlying sentence.

At the revocation hearing, Allegrucci argued he was entitled to receive jail time credit for the time he spent in Osawatomie while on probation pursuant to *State v. Mackley*, 220 Kan. 518, 552 P.2d 628 (1976). The State agreed with Allegrucci's interpretation of *Mackley* and requested the district court give Allegrucci credit for the time of 101 days. The district court disagreed with the State and Allegrucci's application of *Mackley* and denied Allegrucci's request for jail time credit. Allegrucci timely appealed.

Allegrucci completed his prison sentence on October 3, 2014, and was released from postrelease supervision on July 21, 2015.

2

*Appeal is Moot*

On appeal, Allegrucci argues the district court abused its discretion when it revoked his probation, erred when it failed to give him credit for time served while in inpatient treatment, and erred by imposing his underlying prison sentence because alternative dispositions were more appropriate. On April 27, 2015, pursuant to Kansas Supreme Court Rule 2.042 (2014 Kan. Ct. R. Annot. 18), the State notified this court of a material change in Allegrucci's custodial status. Allegrucci was released from the confinement portion of his sentence on October 3, 2014, and his projected sentence discharge date was July 21, 2015. The State attached a copy of a letter from the Kansas Department of Corrections Sentence Computation Unit evidencing Allegrucci's release from custody. In light of this material change, the State contends Allegrucci's claim for jail time credit is moot because he has already served his prison sentence in full.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). "An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); see *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

> "Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. McKnight,* 292 Kan. 776, 778, 257 P.3d 339 (2011). This court has previously described the mootness doctrine as a court policy, which recognizes that the role of a court is to '"determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' *State v. Bennett,* 288 Kan. 86, 89, 200 P.3d 455 (2009)

3

(quoting *Board of Johnson County Comm'rs. v. Duffy,* 259 Kan. 500, 504, 912 P.2d 716 [1996])." *Montgomery*, 295 Kan. at 840.

In finding the appeal is now moot, this court accepts as accurate the information in the letter from the Kansas Department of Corrections Sentence Computation Unit attached to the notice provided by the State. "The reviewing court in its discretion may take judicial notice of any matter specified in K.S.A. 60-409 whether or not judicially noticed by the judge." K.S.A. 60-412(c).

The facts in the letter are easily verified by a search of the Kansas Department of Corrections website which shows Allegrucci's sentence was discharged on July 21, 2015. This court takes judicial notice of the material change in Allegrucci's custodial status per K.S.A. 60-409(c) and K.S.A. 60-409(b)(4). Allegrucci has failed to respond to the State's arguments that this appeal is moot. The actual controversy has ended and the only judgment that could be entered would be ineffectual for any purpose. Allegrucci has been discharged from postrelease supervision, and as such, even if this court found he was entitled to jail time credit, there would be nothing against which to apply it. Once Allegrucci's term of imprisonment ended, his argument for jail time credit became moot. See *State v. Gaudina,* 284 Kan. 354, Syl. ¶ 1, 160 P.3d 854 (2007) (holding that "[a] defendant who is resentenced after serving time in prison is not entitled to credit against a postrelease supervision period for the amount of time served in prison in excess of the prison time imposed at the resentencing"); *State v. Johnson*, 39 Kan. App. 2d 438, 441-43, 180 P.3d 1084, *rev. denied* 286 Kan. 1183 (2008)

Because the only judgment that could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the case are concerned, Allegrucci's appeal is dismissed as moot and we decline to address the merits of Allegrucci's other claims.

Appeal dismissed.