NOT DESIGNATED FOR PUBLICATION

Nos. 111,163
111,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DEON RAMSEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 23, 2015. Appeal dismissed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  Deon Ramsey appeals the denial of his motion for jail time credit for days served in the Sedgwick County Jail between these two cases and others. According to the records of the Kansas Department of Corrections, Ramsey has served the confinement portion of his sentence, and he agrees. The issue of credit for time served is moot. Appeal dismissed.

1

In two cases before the district court on the same day, Ramsey pled guilty to one count of attempted robbery, two counts of aggravated intimidation of a victim, and two counts of violation of a protection order. The district court accepted Ramsey's plea and found that under the sentencing guidelines this was a presumptive prison case. Ramsey was sentenced to a controlling sentence of 39 months' imprisonment with 24 months' postrelease supervision. The counts in both cases were run concurrent to each other and consecutive to any other cases. Ramsey was credited with all time served.

Following sentencing, Ramsey filed two separate pro se motions to correct the journal entry of sentencing, arguing he was improperly denied 548 days of jail time credit. Ramsey's motions were denied, and he appealed out of time. On March 19, 2014, this court remanded the case to the district court for an *Ortiz* hearing to determine whether Ramsey's appeal met any caselaw exception to the requirement of a timely filed notice of appeal. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The district court determined Ramsey could appeal out of time, and this court retained the appeal. The cases were consolidated on appeal.

On October 23, 2014, this court again remanded the case to the district court for the limited purpose of allowing for factual findings regarding Ramsey's jail time credit. Following a nonevidentiary hearing, the district court issued an amended journal entry, finding that

> "[f]rom 01/05/11 to 07/06/12, [Ramsey] was being held on consolidated case numbers, 11 CR 48 / 11 CR 571, as well as [Kansas Department of Corrections (KDOC)] hold for Parole Violation. The hold for Parole Violation was withdrawn on 07/06/12 due to expiration of sentence. If [Ramsey] received credit for the 548 days while on KDOC hold towards 08 CR 1263, 08 CR 859, or 09 CR 1081, then he is not entitled to duplicate credit on 11 CR 48 and 11 CR 571, as this case is consecutive to any other cases."

2

*This appeal is moot.*

On appeal, Ramsey argues the district court erred when it denied his request for jail time credit because he "was held in Sedgwick County jail solely on account of, or as a direct result of, this case, because otherwise he would have been taken to KDOC on its warrant." Pursuant to Kansas Supreme Court Rule 2.042 (2014 Kan. Ct. R. Annot. 18), the State notified this court on May 21, 2015, of a material change in Ramsey's custodial status. On May 13, 2015, Ramsey was released from the confinement portion of his sentence. The State attached to the notice a copy of a letter from the KDOC Sentence Computation Unit evidencing Ramsey's release from custody. In light of this material change, the State contends Ramsey's claim for jail time credit is moot because he has already served his prison sentence in full. In his reply brief, Ramsey concedes this issue is moot but asks us to consider the issue because it is capable of repetition and is of great public importance.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

"An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. [Citation omitted.]" *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); see *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

"Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. McKnight,* 292 Kan. 776, 778, 257 P.3d 339 (2011). This court has previously described the mootness doctrine as a court policy, which recognizes

3

that the role of a court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Bennett,* 288 Kan. 86, 89, 200 P.3d 455 (2009) (quoting *Board of Johnson County Comm'rs. v. Duffy,* 259 Kan. 500, 504, 912 P.2d 716 [1996])." *Montgomery*, 295 Kan. at 840.

Here, we do not need to verify the record from the KDOC since Ramsey agrees this issue is moot. The actual controversy has ended, and the only judgment that could be entered would be ineffectual for any purpose. Even if this court found Ramsey was entitled to jail time credit, there would be nothing against which to apply it. See *State v. Gaudina,* 284 Kan. 354, Syl. ¶ 1, 160 P.3d 854 (2007) ("A defendant who is resentenced after serving time in prison is not entitled to credit against a postrelease supervision period for the amount of time served in prison in excess of the prison time imposed at the resentencing."); *State v. Johnson*, 39 Kan. App. 2d 438, 441-43, 180 P.3d 1084*, rev. denied* 286 Kan. 1183 (2008).

Ramsey has served the entire incarceration portion of his sentence. As a result, any argument concerning the trial court's denial of Ramsey's request for jail time credit is moot. Ramsey has failed to provide any plausible argument or applicable authority to show that a valid controversy still exists in the case. Because the only judgment that could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the case are concerned, we decline to address Ramsey's arguments on appeal and dismiss his appeal as moot.

Dismissed as moot.