NOT DESIGNATED FOR PUBLICATION

No. 126,576

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEATON MOLLEKER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ellis District Court; GLENN R. BRAUN, judge. Submitted without oral argument. Opinion filed July 11, 2025. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., COBLE and BOLTON FLEMING, JJ.


PER CURIAM: Keaton Molleker pled no contest to one count of felony theft in 2014. His sentence was suspended, and he was placed on probation for 12 months. Molleker violated his probation for the first time in 2015, which resulted in a sanction and being placed back on probation. In 2016, Molleker stipulated during two separate hearings in April and August that he violated his probation for a second time. At both hearings, Molleker asked the district court to revoke his probation, order him to serve his underlying sentence, and give him credit for time served. At the conclusion of the August

1

2016 hearing, the district court adopted the agreement of the parties, revoked probation, and applied sufficient jail credit to satisfy Molleker's original sentence.

Approximately seven years later, on May 26, 2023, Molleker filed a pro se motion to file an appeal out of time, intending to appeal the district court's decision to revoke his probation back in 2016. On October 6, 2023, our court granted an unopposed motion by the State to determine jurisdiction and remanded the case to the district court to determine whether any exceptions apply to permit Molleker's untimely appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). At that hearing, the district court found no *Ortiz* exceptions applied to allow Molleker's untimely appeal. Because the district court correctly decided that no *Ortiz* exceptions applied, and did not err in denying Molleker's untimely appeal, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2014, Keaton Molleker pled no contest to one count of felony theft. On October 20, 2014, the district court sentenced Molleker to 9 months in prison but suspended his sentence and placed him on probation for 12 months.

On February 3, 2015, the State moved to revoke Molleker's probation, alleging that he had committed the new offense of felony theft as well as committing technical violations. At the probation revocation hearing on February 9, 2015, Molleker stipulated that he violated his probation by failing to pay supervision fees and using methamphetamine. Neither Molleker nor the State took any action on the allegation pertaining to the new felony theft offense as that matter remained pending. The district court accepted Molleker's stipulation and imposed a 90-day jail sanction, which the district court allowed to be served under house arrest and electronic monitoring.

2

On October 7, 2015, the State again moved to revoke Molleker's probation. The State alleged Molleker violated the terms of his probation by committing a new offense of felony sexual exploitation of a child. While the State's second probation revocation motion was pending, Molleker's earlier felony theft charge was resolved in a separate case when he pled to the reduced charge of misdemeanor theft.

On April 21, 2016, the district court held a hearing on the State's second motion to revoke probation. Molleker's attorney advised that Molleker wished to resolve the probation revocation hearing by stipulating to a violation that did not involve the new sex crime charges. Molleker's attorney advised that Molleker would stipulate and ask the district court to revoke his probation, order him to serve his sentence, and apply Molleker's time in jail since September 29, 2015, to his sentence. Molleker stipulated that he had violated his probation by possessing methamphetamine and committing the crime of misdemeanor theft. The district court accepted Molleker's stipulation, revoked his probation and ordered him to serve the remainder of his original sentence "locally"—94 days after applying jail credit. No order in the record reflects this April 2016 probation revocation hearing, and the record reflects that the district court did not advise Molleker of his right to appeal.

For reasons that are unclear, four months later, on August 3, 2016, the district court held another hearing on the same motion to revoke Molleker's probation. Molleker's counsel again advised that his client stipulated to the violations, and asked the district court to revoke Molleker's probation, order that he serve his underlying sentence, and apply appropriate jail credit which Molleker believed would satisfy his original prison sentence. The State did not object, agreeing that adding the prior jail sanction into the jail credit calculation would basically satisfy Molleker's original sentence. Thus, Molleker stipulated to violating his probation by being convicted of misdemeanor theft. The district court accepted Molleker's stipulation and followed the parties' joint recommendation, revoking Molleker's probation, ordering that he serve his sentence, and awarding him jail

3

credit from September 29, 2015, to March 28, 2016, in order to satisfy his sentence. A journal entry was filed for this probation revocation hearing, but the record reflects the district court did not advise Molleker of his right to appeal.

On May 26, 2023, approximately seven years after his last probation revocation hearing, Molleker filed a pro se motion to file an appeal out of time, intending to appeal the district court's decision to revoke his probation. Molleker stated in his motion that he was unaware of his right to appeal rulings, orders, and judgments of the court until recently because he thought he waived all appeal rights when he accepted the plea agreement for his original conviction. He claimed he was not aware he could have appealed his sentence from the probation revocation in 2016. Molleker also alleged that his counsel told him that there was nothing for him to appeal after the revocation and that he would take care of everything. Molleker pointed out that the transcript from his probation revocation hearing reflects that the district court did not advise him of his appeal rights. Molleker acknowledged that he was well beyond his deadline to file his notice of appeal, but based on the failures of the district court and his counsel, he should be allowed to file his appeal out of time under the first and third exceptions contained in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

On October 6, 2023, our court granted the State's unopposed motion to determine jurisdiction and remanded the case for hearing in the district court to determine whether any *Ortiz* exceptions apply to Molleker's untimely appeal. Prior to the hearing, Molleker filed an affidavit and a statement in support of his *Ortiz* arguments, reiterating that he was not properly notified of his appeal rights from the district court and that his counsel failed to advise him of any appeal possibilities. Molleker again stated that if he had been fully informed of his right to appeal, he would have sought a timely appeal.

On March 20, 2024, the district court held the *Ortiz* hearing. The district court started its inquiry into the *Ortiz* exceptions by asking:

4

"THE COURT: All right. So you are saying because you were not specifically advised on the record by the judge, and that your retained attorney at that time, Paul Oller, did not advise you that you had the right to appeal, you didn't appeal, and you would have appealed had you been advised of that. Correct?

"[MOLLEKER]: At the time actually, back in the—I mean several—

"THE COURT: That's a yes-or-no question, Mr. Molleker. Your argument is had you been advised, you would have appealed, correct?

"[MOLLEKER]: Yes.

"THE COURT: Now, let me ask you: What would you have appealed?

"[MOLLEKER]: I would have appealed the probation revocation.

"THE COURT: On what basis?

"[MOLLEKER]: Definitely the post release term, considering it was a—it was a conviction that was based upon charges filed to July 1, 2013, which required no post release upon probation revocation, which I was ordered to serve a period of post release on. I got a copy of the plea agreement."

The district court continued to question Molleker's basis for his appeal:

"THE COURT: You're appealing -- you're saying on your affidavit in your motion—

"[MOLLEKER]: Yeah.

"THE COURT: —that your appeal is because you were not advised by your attorney or the Court at the time of the probation revocation hearing that you had the right to appeal. Correct?

"[MOLLEKER]: Yes.

"THE COURT: All right. And now you are saying that—your argument is the post release supervision, not the actual probation revocation; correct?

"[MOLLEKER]: Well, it was—it's definitely the probation revocation, because that—

"THE COURT: What would you—what would you appeal on that?

"[MOLLEKER]: Any appealable issues. Any meritorious—

"THE COURT: What is it? That's exactly right. What is your meritorious appeal issue on the probation revocation?

"[MOLLEKER]: There's several of them I've ran across on on different case law.

5

"THE COURT: What is it?

. . . .

"[MOLLEKER]: Also at the time I'd—I had an attorney, and I believe I have an appeal attorney right now which could perfect the appeal, which I would have to—

"THE COURT: I didn't ask you whether you could perfect it. I asked what issue would you appeal from the probation revocation.

"[MOLLEKER]: The Court's jurisdiction to revoke me.

. . . .

"THE COURT: I want you to go into everything. Because I've reviewed the record, I got this remanded back from the appellate courts. I want to know what you were going to appeal from this probation revocation hearing.

"[MOLLEKER]: I believe the case law says I don't even have to prove that my appeal would be successful upon an appeal.

"THE COURT: You have to show that you have grounds for an appeal.

"[MOLLEKER]: I don't actually. According to—

"THE COURT: You don't have to—you don't have to show you have grounds?"

The district court reminded Molleker that he had admitted to being convicted of a new crime while on probation and that was a violation of his probation terms. The district court continued to question what Molleker would have appealed since he agreed to his probation being revoked for being convicted of a new crime in exchange for having jail credit applied to his original prison sentence. Molleker responded that he would have appealed, "Whatever the appeal court can—or whatever the appellate lawyer can find." Molleker argued the *Ortiz* hearing only required him to assess whether he was advised of his appeal rights. He also asserted that he had grounds for appeal because the district court did not have jurisdiction to revoke his probation in August 2016 because the court already revoked his probation during the April 2016 hearing.

At the conclusion of the hearing, the district court found Molleker did not have an appealable issue, and so it held that the *Ortiz* factors had not been met. The district court reiterated that "[e]very single thing in this case was agreed to. You agreed to it. You have

6

nothing to appeal." The district court explained that Molleker had already served his entire sentence in his probation case and that his case was done and over.

Molleker timely appeals the district court's ruling denying his late appeal following the *Ortiz* hearing.

ANALYSIS

THE DISTRICT COURT DID NOT ERR IN DENYING MOLLEKER'S UNTIMELY APPEAL

Molleker contends the district court erred in finding that no *Ortiz* exceptions apply to his late appeal because the court's decision was not supported by substantial, competent evidence or the law.

*Standard of Review*

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Thurber*, 313 Kan. 1002, 1007, 492 P.3d 1185 (2021). The Kansas Constitution states that the Kansas Supreme Court "shall have . . . such appellate jurisdiction as may be provided by law." Kan. Const. art. 3, § 3. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes, subject to certain exceptions. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021).

As such, a party moving to appeal a decision must perfect its appeal by complying with statutory requirements. *In re I.A.*, 313 Kan. 803, 806, 491 P.3d 1241 (2021). Under K.S.A. 22-3608(c), a criminal defendant must file a notice of appeal within 14 days from the judge's order. But a limited exception is recognized in the interest of fundamental fairness only in those cases where a defendant was either:  (1) not informed of the right to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an

attorney for that purpose who failed to perfect and complete an appeal. *In re I.A*., 313 Kan. at 806-08. These are often called the *Ortiz* exceptions. In *State v. Patton*, 287 Kan. 200, 218-19, 195 P.3d 753 (2008), our Supreme Court explained the first *Ortiz* exception is grounded in procedural due process, while the other two exceptions are based on the criminal defendant's right to effective counsel.

The first *Ortiz* exception requires a three-part, burden-shifting analysis, as established in our Supreme Court's holding in *Patton*. First, the defendant bears the initial burden to show from the transcripts that the sentencing judge failed to adequately communicate the required information regarding the right to appeal. If that is shown, the State then bears the burden of proving the defendant nevertheless possessed actual knowledge of the required information by some other means. Finally, if the State cannot make this showing, the burden shifts to the defendant to prove that had the defendant been properly informed, a timely appeal would have been pursued. *State v. Smith*, 303 Kan. 673, 678, 366 P.3d 226 (2016).

The third *Ortiz* exception involves a consideration of the effectiveness of counsel—whether counsel's objectively unreasonable performance prevented the defendant from filing a timely appeal. *State v. Shelly*, 303 Kan. 1027, 1051, 371 P.3d 820 (2016).

A district court's decision on whether an exception under *Ortiz* applies is reviewed on appeal under a dual standard. An appellate court reviews the facts underlying the district court's ruling for substantial, competent evidence. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). Substantial, competent evidence is judicially defined as such legal and relevant evidence as a reasonable person could accept to support a conclusion. In conducting this step of the analysis, an appellate court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicts in the evidence. 312 Kan. at 887; *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 407, 266 P.3d 516 (2011). The

legal conclusion made by the district court on those facts as to whether the exception applies is reviewed de novo. See 312 Kan. at 887 (citing *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 [2005]).

*The First Ortiz Exception Applies to Appeals from Probation Revocation Orders*

The State argues for the first time on appeal that the first *Ortiz* exception does not apply to an untimely appeal from a probation revocation hearing. The State claims that the *Patton* court only described three Kansas laws—K.S.A. 22-3210(a)(2), K.S.A. 22-3424(f), and K.S.A. 22-4505—that provide procedural safeguards by requiring a district court to inform a criminal defendant of the right to appeal. The State asserts our Supreme court held in *Albright v. State*, 292 Kan. 193, 202, 251 P.3d 52 (2011), that the first *Ortiz* exception is inapplicable if there is no statutory requirement that a district court must advise a criminal defendant of the right to appeal. Thus, the State argues, since there is no statutory requirement to advise a criminal defendant of the right to appeal a probation revocation decision, the first *Ortiz* exception cannot apply in that setting.

The requirements for advising a criminal defendant of the right to appeal are derived from three statutes. *Patton*, 287 Kan. at 219. Under K.S.A. 22-3210(a)(2), a district court is required to inform a defendant of the consequences of entering a plea, which includes notice that the defendant is waiving the right to appeal the conviction portion of his or her sentence. K.S.A. 22-3424(f) requires a sentencing court to inform a defendant of the right to appeal and of the right to have costs of the appeal paid if indigent. Lastly, a court is required to advise an indigent defendant of the right to counsel and the right to a transcript of the record under K.S.A. 22-4505(a). 287 Kan. at 219. No Kansas statute specifically requires the court to advise a criminal defendant of the right to appeal from a probation revocation decision.

9

Nonetheless, Kansas appellate courts have continuously held that the *Ortiz* exceptions to untimely appeals apply even in the context of probation revocation hearings. See *State v. Johnson*, 39 Kan. App. 2d 438, 439-40, 180 P.3d 1084 (2008) (reviewing district court's *Ortiz* exceptions findings from a probation revocation); see also *State v. West*, No. 126,104, 2024 WL3912971, at *1-2 (Kan. App. 2024) (unpublished opinion), *rev. denied* 320 Kan. __ (May 20, 2025); 2024; *State v. Kent*, No. 123,843, 2022 WL 16704352, at *2-3 (Kan. App. 2022) (unpublished opinion); *State v. Zuspann*, No. 120,886, 2021 WL 936039, at *2 (Kan. App. 2021) (unpublished opinion); *State v. Barnett*, No. 98,904, 2009 WL 77887, at *3 (Kan. App. 2009) (unpublished opinion).

Recently, in *State v. Collins*, 320 Kan. 211, 564 P.3d 393 (2025), our Supreme Court applied the *Ortiz* analysis to an untimely appeal from a probation revocation case, reversing the Court of Appeals and the district court as to the first *Ortiz* exception, and remanding the case to the district court for hearing.

Our Supreme Court has not discussed or provided any indication that the first *Ortiz* exception does not apply to untimely appeals from an order revoking probation. Our court is duty-bound to follow Kansas Supreme Court precedent unless the Supreme Court has otherwise indicated it is departing from its previously held position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Thus, the State's claim that the first *Ortiz* exception does not apply to an untimely appeal from a probation revocation is without merit.

*Molleker is Not Entitled to Relief Under the First Ortiz Exception*

The first step of the three-part, burden-shifting analysis requires the defendant to show the district court failed to adequately communicate the required information regarding the right to appeal. *Smith*, 303 Kan. at 678.

10

A district court must provide three advisements: "(1) that a right to appeal the severity level of the sentence exists; (2) the time limit for taking an appeal; and (3) that, if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal." *Smith*, 303 Kan. at 678.

The record reflects that the district court neglected to advise Molleker of his right to appeal the probation revocation during the hearings held in April and August 2016. The State concedes the first step of the first *Ortiz* exception. Thus, the transcript satisfies Molleker's burden to show the district court failed to properly advise him of his right to appeal.

Next, the State bears the burden of proving Molleker nevertheless possessed actual knowledge of the required information by some other means. *Smith*, 303 Kan. at 678. The State argues the district court's ruling was inadequate to show the controlling facts or the basis for its findings. Since neither party objected to the inadequate findings of facts, the State claims this court should presume the district court made all findings necessary to support its ruling. But the burden to show Molleker had actual knowledge lies with the State.

To establish Molleker had actual knowledge of his right to appeal, the State relies only on the fact that Molleker repeatedly stated in his filed affidavit and statement regarding the *Ortiz* hearing that he was told by his trial counsel if there was anything to appeal, he would take care of it. The State takes Molleker's statement asking his counsel about an appeal and equates that to Molleker having actual knowledge of the required information for his appeal. The mere mentioning of an appeal in his statement or affidavit does not prove Molleker was fully informed he was advised of his right to appeal the severity level of the sentence, the time limit for taking an appeal, and that an appellate attorney would be appointed for the purpose of the appeal—all of which are required under *Patton*. *Smith*, 303 Kan. at 678.

11

Nothing in the record suggests that Molleker was aware of all the required information regarding his appeal rights, and the district court failed to make any findings in that respect. Nor did the district court place the burden on the State during the *Ortiz* hearing to prove that Molleker had actual knowledge of the required information by some means. Moreover, the State neglected to add any information regarding this issue when the district court asked for its input during the *Ortiz* hearing. Thus, the State failed to meet its burden to prove that Molleker had actual knowledge of the required information.

Since the State failed to make its showing in the second step, the final step shifts the burden once again to Molleker to prove that had he have been properly informed, a timely appeal would have been sought. *Smith*, 303 Kan. at 678.

Molleker bears the evidentiary burden to prove that he would have timely appealed if properly informed. *Patton*, 287 Kan. at 222. Molleker argues that he has met this burden through his "written motion, his other filings, and in his answer to the first question posed to him by the court." During the Ortiz hearing, the district court asked, "That's a yes-or-no question, Mr. Molleker. Your argument is had you been advised, you would have appealed, correct?" Molleker simply answered, "Yes."

But the district court's finding on this matter did not end with the "yes-or-no" question above. The court continued to ask about Molleker's basis for his appeal. Molleker first responded that he would be appealing the postrelease term of his sentence. Once the court pointed out that the postrelease term would be an appeal of the original sentence, not the probation revocation, Molleker changed his answer to "[a]ny appealable issues" that may be meritorious. The court continued to question Molleker about what he would have appealed from the probation revocation. Molleker then stated he would have appealed the court's jurisdiction in revoking his probation. As the court pushed him even more, he stated that he would appeal whatever the appeal court or his appellate counsel could find. The district court ended the exchange by finding that Molleker had agreed "to

12

. . . [e]very single thing in this case" and that Molleker had asked the district court to resolve his case by accepting his stipulation, ordering him to serve his sentence, and giving him his requested jail credit. The court ultimately concluded that Molleker failed to meet his burden of proof to show he would have timely appealed if properly informed.

The district court's decision that Molleker would not have timely appealed had he been properly informed is supported by substantial, competent evidence. *Smith*, 312 Kan. at 887. Molleker stipulated to the revocation of his probation in both April and August of 2016, and requested the disposition that he received. During the *Ortiz* hearing in district court, Molleker was given multiple opportunities to provide evidence that he would have timely appealed. Molleker changed his story multiple times to the district court, and a reasonable person could conclude that Molleker would not have timely appealed if properly informed of his appeal rights because Molleker specifically requested the outcome in the case he received and could not identify any issues or problems that occurred during his probation revocation proceedings.

For the above reasons, the district court correctly determined that the first *Ortiz* exception does not apply.

*Molleker is Not Entitled to Relief Under the Third Ortiz Exception*

Molleker also argues the third *Ortiz* exception justifies his late appeal because his trial counsel did not inform Molleker of his right to appeal and did not file a notice of appeal on his behalf.

To evaluate Molleker's claim under the third *Ortiz* exception, we consider: "(1) [w]hether the defendant told his or her counsel to appeal, but the attorney failed to file or perfect the appeal; and, (2) if so, the defendant will enjoy a presumption of prejudice but

13

must show that he or she would have timely appealed, but for counsel's failure." *State v. Smith*, 304 Kan. 916, 921, 377 P.3d 414 (2016).

In support of his argument, Molleker points out that his prehearing affidavit and statement contain allegations that his trial counsel notified him that if there was anything else to be done, it would be taken care of. Molleker argued that he was under the impression that his trial counsel was going to file an appeal if one was permitted. He stated his trial counsel told him if there was anything else then they would talk about it later. During the *Ortiz* hearing, Molleker referenced once that his trial counsel told him that he would take care of everything, but did not follow through with any appeal.

But Molleker failed to develop any argument on appeal that he expressed he wanted to appeal and that his counsel failed to file or perfect an appeal despite his wishes. Molleker also failed to call his trial counsel as a witness or present any other evidence during the hearing to show that his trial counsel's performance was deficient.

When raising a claim under the third *Ortiz* exception, Molleker bears the burden to prove deficient performance of his attorney. This court will not presume deficient representation in the absence of evidence to the contrary. In fact, appellate courts entertain a strong presumption that counsel's representation fell within the bounds of effective advocacy. See *State v. Shields*, 315 Kan. 131, 141, 504 P.3d 1061 (2022). Thus, Molleker's argument that his trial counsel provided deficient performance lacks evidentiary support.

Moreover, the party alleging an error occurred has the burden of designating a record that establishes the claimed error. Without such a record, an appellate court presumes the district court's action was proper. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); see also Supreme Court Rule 6.02(a)(4), (a)(5) (2025 Kan. S. Ct. R. at 36) (appellant has the burden to furnish a sufficient record to support the claims of error;

14

appellant's claims of error must be supported with specific citations to the record on appeal). Here, Molleker failed to develop a sufficient evidentiary record showing his trial counsel failed to file an appeal on his behalf. He also fails to show that even if the evidence did support a finding that his trial counsel failed to file an appeal after being told to do so, that he would have nonetheless appealed but for his counsel's failure. Again, the evidence in this case is that Molleker received the exact disposition he requested. Therefore, the third *Ortiz* exception does not apply to Molleker's untimely appeal.

As a result, the district court did not err in dismissing Molleker's appeal as untimely.

Affirmed.