(219 P.3d 825)
No. 100,246

STATE OF KANSAS, *Appellee*, v. WILLIAM E. MCKNIGHT, JR., *Appellant*.

Opinion filed November 13, 2009.

*Carl Folsom, III*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., GREENE and MCANANY, JJ.

GREENE, J.: William E. McKnight, Jr., appeals the district court's order granting the State's motion to correct an illegal sen-

tence, arguing the court was without jurisdiction to correct the elimination of postrelease supervision ordered in connection with probation revocation. Concluding that the district court's attempted modification at probation revocation as to postrelease supervision created an illegal sentence, we affirm the district court.

On January 14, 2005, McKnight entered a no contest plea to possession of marijuana with the intent to distribute, a severity level 3 drug felony. The presentence investigation report indicated that McKnight had a criminal history score of E and fell in a presumptive border box sentence with a sentencing range of 32-30-28 months. The report also stated that McKnight was subject to a postrelease supervision term of 24 months. The district court sentenced McKnight to an underlying prison term of 30 months, with a postrelease supervision term of 24 months. The court imposed the optional nonprison sentence, granting McKnight an 18-month term of probation.

McKnight's probation was subsequently revoked for technical violations and the district court ordered him to serve a modified 22-month prison sentence. The court ordered that no postrelease supervision be imposed because McKnight's probation was revoked for technical violations.

The Department of Corrections subsequently notified the district court that the court had erred in ordering no postrelease supervision. At a hearing on the matter, the State orally moved to correct the illegal sentence due to the lack of postrelease supervision required under K.S.A. 22-3716(e). The district court and the State agreed that the court had mistakenly believed that no postrelease supervision was required in McKnight's case. The district court granted the State's motion and ordered that a 24-month term of postrelease supervision be reinstated. McKnight timely appeals, arguing that the court was authorized to modify his sentence upon revocation of probation, but without jurisdiction to reinstate postrelease supervision thereafter.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007). To the extent that resolution of this issue will involve statutory interpretation, this court's review

is also de novo. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008).

A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). An "illegal" sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Davis*, 283 Kan. 767, 768-69, 156 P.3d 665 (2007). Courts have the authority to review the State's claim that a sentence is illegal. *State v. McCarley*, 287 Kan. 167, 176, 195 P.3d 230 (2008).

The period for postrelease supervision to be imposed at sentencing is mandatory by statute. K.S.A. 2008 Supp. 22-3717(d)(1). The statute makes clear that the sentencing judge "shall" impose the mandatory period, but the judge may extend the period upon a finding of "substantial and compelling reasons to impose a departure based upon a finding that the current crime of conviction was sexually motivated." K.S.A. 2008 Supp. 22-3717(d)(1)(D)(i).

Although K.S.A. 2008 Supp. 22-3716(b) authorizes a trial court revoking a defendant's probation to "require the defendant to serve the sentence imposed, or any lesser sentence," the statute does not address postrelease supervision. K.S.A. 2008 Supp. 22-3716(e) exempts certain defendants from the term of their postrelease supervision upon probation revocation, but McKnight was not eligible because his offense fell within a border box of the applicable guidelines grid. This statute provides:

"[A]n offender whose nonprison sanction is revoked and a term of imprisonment imposed pursuant to either the sentencing guidelines grid for nondrug or drug crimes shall not serve a period of postrelease supervision upon the completion of the prison portion of that sentence. The provisions of this subsection shall not apply to offenders . . . whose offense falls within a border box of either the sentencing guidelines grid for nondrug or drug crimes . . . or whose nonprison sanction was revoked as a result of a conviction for a new misdemeanor or felony offense."

McKnight does not argue that he falls under the exemptions listed in K.S.A. 2008 Supp. 22-3716(e). Rather, he contends that

following the revocation of his probation, the district court had the authority to order a sentence that did not include postrelease supervision. Relying on K.S.A. 2008 Supp. 22-3716(b), *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001), and *State v. Hall*, 30 Kan. App. 2d 669, 46 P.3d 561 (2002), McKnight argues that a court has authority upon probation revocation to impose a lesser sentence than that originally imposed. McKnight claims that here, the court entered a lawful lesser sentence by removing the requirement of postrelease supervision and thereafter lacked jurisdiction to add the postrelease supervision term to his sentence.

We disagree. The mandatory period of postrelease supervision may not be reduced upon probation revocation unless K.S.A. 2008 Supp. 22-3716(e) is applicable to that offender. *State v. Johnson*, 39 Kan. App. 2d 438, 442, 180 P.3d 1084 (2008); see *State v. Bishop*, No. 99,928, unpublished Court of Appeals opinion filed March 13, 2009.

The district court's attempt to eliminate McKnight's postrelease supervision period upon probation revocation was an illegal modification of the sentence imposed. The court had no authority to modify the mandatory period because McKnight's offense fell within a border box of the applicable guidelines grid. The attempted sentence modification upon probation revocation resulted in a sentence that did not conform to the statutory provision and was therefore illegal. Accordingly, there was no error in granting the State's motion to correct an illegal sentence and reinstate the postrelease supervision period.

Affirmed.