CORRECTED OPINION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,299

STATE OF KANSAS,
*Appellee*,

v.

ERNEST E. SANDOVAL,
*Appellant*.

SYLLABUS BY THE COURT

After revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504(1).

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 19, 2016. Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed August 31, 2018. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Marc Bennett,* district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

1

PER CURIAM: This appeal and the appeal in a similar case decided today, *State v. Roth*, 308 Kan. 970, 424 P.3d 529 (No. 113,753, this day decided), address the legal limits of a district judge's sentencing power after probation revocation.

We hold that, after revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504.

We therefore affirm the judgment of the district court and the decision of the Court of Appeals panel.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant Ernest E. Sandoval pleaded guilty to a 2007 aggravated indecent solicitation. In 2011, he received a 34-month prison sentence with 24 months' postrelease supervision and was placed on probation.

At the time Sandoval committed his crime, aggravated indecent solicitation carried a mandatory lifetime postrelease supervision period. See K.S.A. 22-3717(d)(1)(G) (persons sentenced for sexually violent crime to be "released to a mandatory period of postrelease supervision for the duration of the person's natural life"); K.S.A. 22-3717(d)(2)(G) (identifying aggravated indecent solicitation of child as sexually violent

2

crime). Thus the 24-month postrelease supervision component of Sandoval's original sentence was illegal. Neither side in this case disputes this point.

In September 2012, the district judge revoked Sandoval's probation and explicitly declined a defense request to modify the original sentence. The judge said, "I'm not going to modify sentence for someone who won't follow the basic terms and conditions of a probation that I give." The judge ordered Sandoval to serve the original underlying prison term of 34 months and did not change the 24-month postrelease supervision term.

The State later recognized the illegality of the postrelease component of the original sentence, and it moved to correct, seeking substitution of a lifetime postrelease term. The district court granted the State's motion, and Sandoval appealed.

A panel of our Court of Appeals affirmed the district court judgment, rejecting Sandoval's argument that his sentence was a legal "lesser sentence" under K.S.A. 22-3716(b) (on probation revocation judge "may require the defendant to serve the sentence imposed, or any lesser sentence"). *State v. Sandoval*, No. 113,299, 2016 WL 687737 (Kan. App. 2016) (unpublished opinion). Sandoval had also claimed that a remand to the district court for a new disposition hearing was required because his ultimate postrelease supervision period was not lesser but greater. The panel held that Sandoval had waived and abandoned this claim but nonetheless reached its merits, ruling that the lifetime postrelease supervision did not violate K.S.A. 22-3716.

We granted Sandoval's petition for review on both issues.

DISCUSSION

Interpretation of sentencing statutes and evaluation of whether sentences are illegal raise questions of law, demanding unlimited review by an appellate court. *State v.*

3

*Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016); *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

> "'The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).' *Merryfield v. Sullivan*, 301 Kan. 397, 399, 343 P.3d 515 (2015) (considering provisions of Kansas Sexually Violent Predator Treatment Program). Our 'primary consideration in ascertaining the intent of the legislature' is the language of a statute; we think 'the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use.' 301 Kan. at 399. This court does not move from interpretation of plain statutory language to the endeavor of statutory construction, including its reliance on extra-textual legislative history and canons of construction and other background considerations, unless the plain language of the legislature or Congress is ambiguous. See *City of Dodge City v. Webb*, 305 Kan. 351, 356, 381 P.3d 464 (2016) (state statute under consideration)." *State v. Garcia*, 306 Kan. 1113, 1123-24, 401 P.3d 588 (2017).

K.S.A. 22-3504(1) allows a court to correct an illegal sentence at any time. An illegal sentence is one that: (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) is ambiguous with respect to the time and manner it is to be served. *Gilbert*, 299 Kan. at 801; see K.S.A. 2017 Supp. 22-3504(3).

Our previous decision in *State v. Ballard*, 289 Kan. 1000, 218 P.3d 432 (2009), establishes that, had the State noticed the problem with the term of Sandoval's postrelease supervision before his probation was revoked, K.S.A. 22-3504 would have supported its later correction to lifetime. 289 Kan. at 1010-12 (sentence for sexually violent crime that included 36 months of postrelease supervision illegal under governing statute, amenable to correction to lifetime postrelease supervision).

4

But the intervening event of Sandoval's probation revocation is distinguishing because it brings the language of K.S.A. 22-3716(b) into play. The relevant language of the statute provides: "Except as otherwise provided, if the [probation] violation is established, the court may . . . revoke the probation . . . and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." K.S.A. 22-3716(b). Probation revocation is now governed by either K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) or (c)(1)(E), depending on the original crime of conviction. Although worded slightly differently, both sections maintain the substantive requirement for a defendant to serve the sentence imposed or any lesser sentence. Sandoval asserts that this provision empowered the district judge to give him a postrelease supervision term "lesser" than the lifetime term required at his original sentencing, which he did. This would mean that there was no illegality to correct via the State's later K.S.A. 22-3504 motion, and the district judge erred in modifying the probation revocation disposition sentence to substitute lifetime postrelease for the 24-month term.

The Legislature has not defined the phrase "any lesser sentence." It has, however, provided some general guidance for interpreting the criminal procedure code in K.S.A. 22-2201(3): "Words and phrases used in this code and not expressly defined shall be construed according to the rules governing the construction of statutes of this state."

This is consistent with the court's rules for statutory interpretation. Absent a statutory definition, the court gives words their "ordinary, contemporary, common meaning." *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202, 207, 117 S. Ct. 660, 136 L. Ed. 2d 644 (1997); see also *In re A.M.M.-H.*, 300 Kan. 532, 535, 331 P.3d 775 (2014) (appellate court must first attempt to determine legislative intent by "'giving common words their ordinary meanings'").

5

"Dictionary definitions are good sources for the 'ordinary, contemporary, common' meanings of words." *Midwest Crane & Rigging, LLC v. Kansas Corp. Comm'n*, 306 Kan. 845, 851, 397 P.3d 1205 (2017). Merriam-Webster defines "any" as: (1) "one or some indiscriminately of whatever kind"; (2) "one, some, or all indiscriminately of whatever quantity"; and (3) "unmeasured or unlimited in amount, number, or extent." (Online ed. 2017). The ordinary and plain meaning of the term "any" thus connotes something without limits. Merriam-Webster defines "lesser" as "of less size, quality, degree, or significance." (Online ed. 2017).

Under only these definitions, the plain language of K.S.A. 22-3716(b) appears to permit exactly what Sandoval argues occurred here. The problem is that Sandoval's argument is inconsistent with the facts.

The district judge expressed an exactly contrary intention. He deliberately rejected a forgiving modification of Sandoval's original sentence, including its 24-month postrelease supervision component. He chose instead not to sentence anew and required Sandoval to serve his original sentence, including the postrelease term illegal under the mandatory lifetime provision drawn from the combined effect of K.S.A. 22-3717(d)(1)(G) and K.S.A. 22-3717(d)(2)(G). This left the illegal component in existence and subject to challenge by the State at any time under K.S.A. 22-3504(1).

These facts are distinct from those before us in *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011).

In that case, the original sentence for defendant William E. McKnight, Jr., was 30 months in prison and 24 months of postrelease supervision, the latter required at the time under K.S.A. 22-3717(d)(1)(B). He was placed on probation for 18 months. When McKnight's probation was later revoked, the district judge decided to modify the imprisonment component of McKnight's sentence. In addition, now believing that

6

McKnight was ineligible for postrelease supervision under a limited statutory exception, the judge modified the postrelease term by eliminating it altogether. The judge was in error on the application of the exception, and, two months later, the State filed a motion to correct the new sentence pronounced after revocation, which, it argued, was illegal for lack of a postrelease term. Persuaded by the State, the district judge modified the postprobation sentence to reimpose the mandatory 24 months of postrelease supervision. A panel of our Court of Appeals affirmed. *State v. McKnight,* 42 Kan. App. 2d 945, Syl. ¶ 4, 219 P.3d 825 (2009).

On McKnight's petition for review, we disagreed with the Court of Appeals, holding that the district judge's modification of the postrelease term after probation revocation was a legal "lesser sentence" under K.S.A. 22-3716(b). The district judge's mistaken belief that a postrelease term was forbidden was "not relevant" to whether the judge had complied with the provision governing sentencing after probation revocation. 292 Kan. at 783. In essence, the plain language of the more specific K.S.A. 22-3716(b) trumped the general statute on mandatory postrelease:

> "The phrase 'any lesser sentence' is not defined, and the 'lesser sentence' is not limited to that which might have been imposed at sentencing. A plain language reading of K.S.A. 22-3716(b) gives the trial court the authority to impose any sentence less than that originally imposed. Such a 'lesser sentence' might be a shorter prison sentence, a shorter term of postrelease supervision, or any combination thereof." *McKnight*, 292 Kan. at 782.

The district court therefore lacked jurisdiction for the later "correction" prompted by the State's motion. See *McKnight*, 292 Kan. at 783.

In this case, unlike in *McKnight*, it is clear that the judge who presided over Sandoval's probation revocation had no intention to treat Sandoval's violation of his probation conditions lightly. He specifically rejected modification and did not sentence Sandoval anew. He required instead that Sandoval serve his original sentence, leaving the

postrelease supervision period intact and in force. That period did not conform to the mandatory minimum of life and was open to later correction on the State's motion.

Because we do not grant Sandoval relief on his first challenge advanced in his petition for review, we must briefly address his second. Assuming the propriety of reaching its merits for the sake of argument, we hold that it has none.

Sandoval is correct that he ultimately is subject to a term of postrelease supervision longer than that pronounced as part of his original sentence. But the imposition of that term is a function of the State's allowable correction of an illegal original sentence that survived Sandoval's probation revocation, not of a new sentence pronounced as a result of that revocation. The correction did not conflict with the "lesser sentence" language we have examined.

CONCLUSION

The decision of the Court of Appeals is affirmed. The judgment of the district court is affirmed.

\* \* \*

BEIER, J., concurring: I understand the pull of plain language and precedent in this case, as well as the eloquent endorsement our dissenting justices may take from the Legislature's silence on the "any lesser sentence" language in K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) and (c)(1)(E) during the seven years since *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), was decided. But I write separately to reinforce the majority decision in this case with an alternative and more broadly applicable plain language rationale that I find persuasive.

8

Neither party nor the majority nor any of our previous decisions, including *McKnight*, has focused on the opening language of K.S.A. 2017 Supp. 22-3716(b)(3)(B) and (c)(1): "Except as otherwise provided . . . ." But this introduction must mean something. See *State v. Toliver*, 306 Kan. 146, Syl. ¶ 3, 392 P.3d 119 (2017).

What is more, the phrase casts the widest possible net—not restricted by a modifying "in this subsection" or "in this section" or "in this Act" or a recitation of specific statutory citations. The Legislature certainly knows how to enact such limitations on an "otherwise provided" phrase if it desires them. See, e.g., K.S.A. 2017 Supp. 21-6806(c) ("[e]xcept as otherwise provided by *K.S.A. 21-6617, 21-6618, 21-6619, 21-6622, 21-6624, 21-6625, 21-6628 and 21-6629, and amendments thereto*" [emphasis added]).

This means that whatever may be "otherwise provided" can appear anywhere in Kansas statutes, including those that set mandatory minimum penalties for certain crimes. K.S.A. 22-3717(d)(1)(G) and K.S.A. 22-3717(d)(2)(G), under which defendant Ernest E. Sandoval and his crime and punishment fall, are among those statutes. They may be correctly characterized as "general" when compared to K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) and (c)(1)(E) and their predecessor by another number, but they nevertheless "otherwise provide" that Sandoval's postrelease supervision period must be lifetime, not 24 months. This is the case regardless of whether a sentencing judge originally or after probation revocation realized it.

Although the dissenters are correct that public policy design generally is not the courts' game, merely reading the statute as a whole in this case, including its introductory "[e]xcept as otherwise provided," does have the additional benefit of bringing it into harmony with one of the explicit purposes of the Kansas Sentencing Guidelines Act: uniformity. *State v. Brown*, 305 Kan. 674, 697, 387 P.3d 835 (2017). The KSGA standardized sentences "'so that similarly situated offenders would be treated the same, thus limit[ing] the effects of racial and geographic bias.'" *State v. Keel,* 302 Kan. 560,

9

574, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The outcome and reasoning in today's majority and this concurrence relieves what would otherwise be tension with the Legislature's stated goal.

NUSS, C.J., and BILES, J., join the foregoing concurring opinion.

\* \* \*

JOHNSON, J., dissenting: I disagree with the outcome and rationales of my majority and concurring colleagues. In my view, a judge pronouncing sentence after probation revocation inevitably sentences anew. Once the new sentence is pronounced, any illegality in the original sentence no longer exists, and it is not subject to later challenge or correction under K.S.A. 22-3504.

This conclusion is entirely consistent with our earlier decision in *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011). I do not regard the facts of this case as meaningfully distinct from those before this court in that case. There, we disregarded a district judge's legal error and ruled that it could not form the basis for a later correction by the State.

Moreover, it is important to observe that our decision in *McKnight* was bookended—and remains bolstered—by two other opinions, *Abasolo v. State*, 284 Kan. 299, 305, 160 P.3d 471 (2007), and *State v. Ardry*, 295 Kan. 733, 736-37, 286 P.3d 207 (2012), both of which reinforced broad application of the plain "any lesser sentence" language in K.S.A. 22-3716(b).

*Abasolo* rejected an argument that a district judge must make explicit findings on the record to explain any reduced sentence imposed as a result of a probation violation, and it invoked long-familiar principles that criminal statutes must be strictly construed in

10

favor of the accused and that sentences are effective once announced from the bench, regardless of the judge's intention at the time of pronouncement. 284 Kan. at 305-06, 310 (relying in large part on *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 [2001]) (plain "any lesser sentence" language imposes sole restriction on district judge's discretion in sentencing after revocation).

*Ardry*, for its part, involved a postrevocation sentencing in which the judge mistakenly believed that he could not impose a lesser sentence unless the defendant demonstrated the existence of mitigation beyond any that had been advanced in support of a departure at the original sentencing. Relying on *McKnight*, we said:

> "Because a district court may impose a lesser sentence without stating a reason or even by mistake, a district court certainly does not need new or different mitigating factors in order to impose a lesser sentence. Although a district court has broad latitude in exercising its discretion, that discretion is abused when the court renders a decision that fails to consider proper statutory limitations or legal standards . . . . In this case, the district court stated that statutory restrictions limited its authority to impose a lesser sentence. This was an incorrect legal standard and constituted an abuse of discretion." 295 Kan. at 736.

In short, in *Ardry*, the case had to be remanded for a new sentencing hearing because the judge had failed to recognize how much freedom the phrase "any lesser sentence" granted him.

In this case, the district judge may have subjectively intended the postrevocation disposition to match Sandoval's original sentence. But our precedent establishes that such a subjective intention does not matter, as long as what the judge ultimately pronounces conforms to the "any lesser sentence" language in K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) or (c)(1)(E) and their predecessor K.S.A. 22-3716(b). Here, although the judge did not appreciate at the time of revocation that the original sentence should

11

have included a lifetime postrelease supervision term instead of a 24-month one, when he refused to modify that term, he effectively reduced it. Such a reduction was legal and could not be modified through a motion to correct under K.S.A. 22-3504(1).

I close my discussion with one final point:  Like the majority and concurring justices, I too rely on interpretation of plain language to arrive at a resolution of this case and thus do not need to resort to statutory construction. Had I needed to, however, the Legislature's seven-year silence in the face of our 2011 decision in *McKnight* should muffle any cognitive dissonance caused by allowing a defendant who has failed to abide by probation conditions to slip away from a mandatory lifetime postrelease supervision period while a like defendant who never violated probation would remain tethered. If the dissonance is a sign of a real policy problem, it must be solved by the Legislature, not this court. "[O]nly the legislature may decide whether the statutory sentencing scheme contains inequitable inconsistencies." *Ardry*, 295 Kan. at 737.

Because I would grant Sandoval relief on the first challenge raised in his petition for review, I need not discuss his second challenge.

I would vacate the lifetime postrelease supervision component of Sandoval's sentence and remand the case to the district court for filing of a journal entry modifying the sentence to substitute a term of 24 months of postrelease supervision for the lifetime term.

ROSEN, J., joins the foregoing dissenting opinion.