No. 100,246

STATE OF KANSAS, Appellee, v. WILLIAM E. MCKNIGHT, JR.,
*Appellant.*
(257 P.3d 339)

Opinion filed August 12, 2011.

*Carl Folsom, III*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Natalie A. Chalmers*, assistant district attorney, argued the cause, and *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: William E. McKnight pleaded no contest to possession of marijuana with intent to distribute and was sentenced to 30 months' incarceration with 24 months' postrelease supervision. Because his crime fell in a border box on the drug grid, the trial court suspended the sentence and put McKnight on an 18-month probation. When McKnight violated the terms of his probation, the court revoked McKnight's probation and imposed a modified sentence of 22 months' incarceration. After a discussion during the probation revocation hearing, the court concluded that postrelease supervision did not apply because McKnight's probation was being

revoked for technical violations. The court ultimately imposed a sentence of 22 months' incarceration with no period of postrelease supervision.

Two months later, the State made an oral motion to correct an illegal sentence at a hearing with McKnight and his counsel present. The hearing was continued to allow the parties to review the transcript from the probation revocation hearing and conduct additional research. Two weeks later, with all parties present, the trial court found at the probation revocation hearing that "I mistakenly believed that there should have been no supervision in this particular case. I did not make a conscious decision to modify Mr. McKnight's sentence by not requiring post-release. It was more that I did not believe I could order post-release because it was a technical violation of probation." The court then imposed the modified 22 months' incarceration with 24 months' postrelease supervision.

The Court of Appeals held that "[t]he mandatory period of postrelease supervision may not be reduced upon probation revocation unless K.S.A. 2008 Supp. 22-3716(e) is applicable to the offender." *State v. McKnight*, 42 Kan. App. 2d 945, Syl. ¶ 4, 219 P.3d 825 (2009). Therefore, the Court of Appeals found that the sentence originally imposed upon probation revocation was illegal and the trial court properly corrected the illegal sentence upon the State's motion. The Court of Appeals affirmed the trial court. *McKnight*, 42 Kan. App. 2d at 948.

## MOOTNESS

As an initial matter, the State filed a notice of change in custodial status on December 17, 2010, alleging that the Kansas Department of Corrections website, Kansas Adult Supervised Population Electronic Depository (KASPER), shows that McKnight was discharged from his sentence on October 12, 2010. We declined to issue a show cause order; instead, the notice was noted by the court on January 7, 2011. The only issue raised on appeal and in the petition for review is the sentencing issue regarding the trial court's reinstatement of the postrelease supervision period. If McKnight has been discharged and is no longer subject to postrelease super-

vision, the appeal would be moot. The State, however, did not argue that the case is moot, file a motion to dismiss based on a mootness argument, or provide any evidence beyond the notice filed in December.

"The general rule is that an appellate court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, Syl. ¶ 1, 912 P.2d 716 (1996).

In *State v. Upham*, No. 97,961, 2008 WL 1847703 (Kan. App. 2008) (unpublished opinion), the Court of Appeals dismissed an appeal where the only issue was whether the trial court properly considered placement in Labette Correctional Conservation Camp because the defendant had finished the prison portion of the sentence. In *Upham*, the State moved to add to the record the KASPER printout and a form from the Kansas Department of Corrections indicating that the defendant had been released on supervised parole. The defendant did not respond to the State's mootness argument or deny that he had completed the contested part of his sentence. As a result, the Court of Appeals dismissed the appeal as moot.

Unlike *Upham*, the State made no further effort to argue or prove that this appeal is moot. As a result, the record will not support a holding that the appeal is moot. Further, we must consider whether the issue is one that is likely to reoccur.

"An appellate court may sometimes elect to entertain issues which, although moot, are subjects of real controversy and include issues of statewide interest and importance. Where a particular issue, although moot, is one capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion." *Duffy*, 259 Kan. 500, Syl. ¶ 2.

Whether the trial court, at a probation revocation hearing, can impose a modified sentence that does not include a term of postrelease supervision is an issue that is likely to reoccur. Due to the length of time to complete a direct appeal, file a petition for review,

and get the case docketed before this court, the issue is unlikely to arise in a case that is not moot.

## ANY LESSER SENTENCE

K.S.A. 22-3716(b) authorizes a trial court revoking a defendant's probation to "require the defendant to serve the sentence imposed, or any lesser sentence." McKnight argues that the trial court, at the probation revocation hearing, had the statutory authority to impose a sentence that did not include postrelease supervision as a lawful "lesser sentence." If the trial court imposed a lawful lesser sentence, the court was without jurisdiction to later modify that sentence. See, *e.g., State v. Ballard*, 289 Kan. 1000, 1010-11, 218 P.3d 432 (2009). The State argues that postrelease supervision is mandated by K.S.A. 22-3717(d)(1)(B) and that the only exception to postrelease supervision at a probation revocation hearing is for an offender to qualify for the K.S.A. 22-3716(e) exception. If the trial court imposed an illegal sentence at the probation revocation hearing, the court had jurisdiction to correct that sentence under K.S.A. 22-3504(1).

Once a legal sentence is pronounced from the bench, the trial court does not have jurisdiction to modify the sentence. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). "A sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced." *Abasolo v. State*, 284 Kan. 299, 310, 160 P.3d 471 (2007). On the other hand, K.S.A. 22-3504(1) gives the court jurisdiction to correct an illegal sentence at any time. This court may review a claim by either party that the sentence imposed was an illegal sentence. See *State v. McCarley*, 287 Kan. 167, 173-76, 195 P.3d 230 (2008).

"An illegal sentence is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized; or a sentence which is ambiguous with regard to the time and manner in which it is to be served."

"Whether a criminal sentence is illegal, *e.g.*, imposed without jurisdiction, is a question of law with unlimited review."

"The sentencing of a criminal defendant is strictly controlled by statute."

"The existence of jurisdiction is a question of law over which this court's review is unlimited." *McCarley*, 287 Kan. 167, Syl. ¶¶ 1, 2, 5, and 8.

"Interpretation of a sentencing statute is a question of law and the appellate court's standard of review is unlimited." *State v. Rio-jas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

K.S.A. 22-3716(b) authorizes a trial court revoking a defendant's probation to "require the defendant to serve the sentence imposed, or any lesser sentence." K.S.A. 22-3716(e) exempts certain offenders from serving postrelease supervision when their probation was revoked for technical violations rather than commission of a new crime. This section does not apply to offenders "whose offense falls within a border box of either the sentencing guidelines grid for nondrug or drug crimes." K.S.A. 22-3716(e). McKnight does not qualify for the K.S.A. 22-3716(e) exception because his offense was a border box crime.

The Court of Appeals concluded that "[t]he mandatory period of postrelease supervision may not be reduced upon probation revocation unless K.S.A. 2008 Supp. 22-3716(e) is applicable to that offender." *McKnight*, 42 Kan. App. 2d at 948. This court has not ruled on whether the mandatory period of postrelease supervision may be reduced at a probation revocation hearing as part of a "lesser sentence" imposed pursuant to K.S.A. 22-3716(b). The Court of Appeals, however, has addressed this issue in other cases.

In *State v. Bishop*, No. 99,928, 2009 WL 744193 (Kan. App. 2009) (unpublished opinion), the Court of Appeals considered a situation strikingly similar to that presented in this case. At a probation revocation hearing, the trial judge imposed no postrelease supervision term because Bishop's probation was revoked for technical violations. *Bishop*, 2009 WL 744193, at *1. Like McKnight, Bishop's crime fell in a border box of the sentencing guidelines drug grid. The panel rejected Bishop's argument that the sentence without a term of postrelease supervision was a lawfully imposed "lesser sentence" under K.S.A. 22-3716(b). *Bishop*, 2009 WL 744193, at *2.

To reach this conclusion, the Court of Appeals relied upon K.S.A. 21-4705(c)(2), which states:

"In presumptive imprisonment cases, the sentencing court shall pronounce the complete sentence which shall include the prison sentence, the maximum potential reduction to such sentence as a result of good time and the period of post-

release supervision at the sentencing hearing. *Failure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision.*" (Emphasis added.)

The Court of Appeals also looked to K.S.A. 22-3717(d)(1)(B), which states:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to *a mandatory period of postrelease supervision* upon completion of the prison portion of their sentence as follows:

. . . .

"(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 5 and 6 crimes and drug severity level 3 crimes must serve 24 months, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, and amendments thereto, on postrelease supervision." (Emphasis added.)

Further, the Court of Appeals was persuaded by *State v. Johnson*, 39 Kan. App. 2d 438, 180 P.3d 1084, *rev. denied* 286 Kan. 1183 (2008). In *Johnson*, the Court of Appeals dismissed an appeal as moot because the defendant had served the entire incarceration portion of his sentence. The panel rejected the defendant's contention that, upon remand for another probation revocation hearing, he could argue for a reduction in his postrelease supervision time because K.S.A. 22-3716(b) does not address postrelease supervision. The Court of Appeals noted that a trial court could extend the postrelease supervision period upon a finding that the crime was sexually motivated, but the statute did not allow for a reduction in the postrelease supervision term. *Johnson*, 39 Kan. App. 2d at 442.

We disagree. The analysis of K.S.A. 22-3716(b) must begin with the plain language of the statute. "The fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. [Citation omitted.] Intent of the legislature is to be derived in the first place from the words used." *McCarley*, 287 Kan. at 178. The relevant language to be interpreted is:

"[I]f the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and *may require the defendant to serve the sentence im-*

*posed, or any lesser sentence*, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (Emphasis added.) K.S.A. 22-3716(b).

K.S.A. 22-3716(b) authorizes a trial court revoking a defendant's probation to "require the defendant to serve the sentence imposed, or any lesser sentence," but the statute does not go on to define "lesser sentence." If imposition of the sentence was suspended, however, the statute limits the court's discretion to "impose any sentence which might have originally been imposed."

At initial sentencing, the trial court does not have discretion to impose a term of postrelease supervision that is shorter than the period mandated by statute. *Ballard*, 289 Kan. at 1012; *State v. Baber*, 44 Kan. App. 2d 748, 754, 240 P.3d 980 (2010). In *Ballard*, this court considered whether a trial court had jurisdiction to impose a shorter term of postrelease supervision along with a departure sentence. Ballard pleaded no contest to aggravated indecent liberties with a child pursuant to a plea agreement in which he and the State jointly requested a downward durational departure, from off-grid to the grid block appropriate for a severity level 3 person felony. *Ballard*, 289 Kan. at 1002. At sentencing, the court imposed a downward durational departure sentence of 55 months, with 36 months' postrelease supervision based on the departure to the grid. *Ballard*, 289 Kan. at 1003. This court ultimately concluded that Ballard's initial sentence of 36 months' postrelease supervision did not conform to the statutory provision and was therefore illegal. Because the sentence was illegal, the trial court had jurisdiction to correct the illegal sentence and impose the lengthier lifetime postrelease supervision. *Ballard*, 289 Kan. at 1012.

In cases where a sentence was announced, but probation was granted, the court "may require that defendant serve the sentence imposed, or any lesser sentence." The phrase "any lesser sentence" is not defined, and the "lesser sentence" is not limited to that which might have been imposed at sentencing. A plain language reading of K.S.A. 22-3716(b) gives the trial court the authority to impose any sentence less than that originally imposed. Such a "lesser sentence" might be a shorter prison sentence, a shorter term of postrelease supervision, or any combination thereof.

If the legislature intended to limit the trial court's discretion to imposing only a lesser prison sentence, K.S.A. 22-3716(b) should specifically state "any lesser prison sentence" or define what "lesser sentence" might be imposed by the court. Arkansas, for example, provides that at a probation revocation hearing "the court may revoke the probation and require the probationer to serve the sentence imposed *or any lesser sentence which might have been originally imposed.*" (Emphasis added.) Ark. Code Ann. § 16-93-402(c)(5) (2010). Such language would clearly limit the trial court's imposition of a lesser sentence that includes the statutory post-release supervision term.

Contrary to the State's position, K.S.A. 22-3716(e) does not require that postrelease supervision be imposed at a probation revocation hearing. K.S.A. 22-3716(e) describes a number of situations in which a period of postrelease supervision cannot be imposed at a probation revocation hearing. This section does not require that a period of postrelease supervision be imposed in all other circumstances.

At McKnight's probation revocation hearing, the trial court imposed a legal lesser sentence of 22 months' incarceration with no postrelease supervision. Whether the trial court mistakenly imposed no postrelease supervision due to a misunderstanding of K.S.A. 22-3716(e) is not relevant. "A sentence is effective upon pronouncement from the bench, regardless of the court's intent at the time the sentence is pronounced." *Abasolo*, 284 Kan. at 310. The trial court imposed a legal sentence; therefore, the court did not have jurisdiction to later modify that sentence. See *McCoin*, 278 Kan. at 468.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the sentence imposing postrelease supervision is vacated and the sentence originally imposed at the probation revocation hearing of 22 months' incarceration with no postrelease supervision is affirmed.

MORITZ, J., not participating.
DANIEL A. DUNCAN, District Judge, assigned.