NOT DESIGNATED FOR PUBLICATION

No. 115,045

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN T. BRADLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID A. RICKE, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Benjamin T. Bradley appeals the district court's order granting the State's motion to correct illegal sentence. We granted Bradley's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On May 17, 2012, Bradley pled guilty to one count of attempted rape. On July 5, 2012, the district court sentenced Bradley to 72 months' imprisonment with 36 months' postrelease supervision. On June 1, 2015, the State filed a motion to correct illegal sentence, arguing that Bradley's conviction required lifetime postrelease supervision. At a hearing on July 15, 2015, the district court granted the State's motion and resentenced Bradley to lifetime postrelease supervision. Bradley timely appealed.

1

On appeal, Bradley claims that the district court erred by imposing lifetime post release supervision because his original sentence was effective when it was pronounced and the State did not file an appeal from that sentence. But as Bradley acknowledges, the general rule prohibiting a district court from modifying a sentence after it is pronounced applies only to a *legal* sentence. See *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011). A district court has jurisdiction to correct an illegal sentence at any time. See K.S.A. 22-3504(1). An "illegal sentence," as contemplated by K.S.A. 22-3504(1) is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Here, Bradley's conviction of attempted rape, a sexually violent crime, requires a sentence of lifetime postrelease supervision. See K.S.A. 2015 Supp. 22-3717(d)(1)(G), (d)(5)(A),(d)(5)(M). The district court's original sentence of 36 months' postrelease supervision did not conform to the statutory provision in the term of the authorized punishment; thus, it was an illegal sentence. Our Supreme Court has previously held that a district court has jurisdiction to correct a sentence rendered illegal by the imposition of an incorrect term of postrelease supervision and impose the correct, legal one. See *State v. Ballard*, 289 Kan. 1000, 1010-12, 218 P.3d 432 (2009). Because Bradley's original sentence did not include the statutorily mandated term of lifetime postrelease supervision, the sentence was illegal and the district court had jurisdiction to correct the illegal sentence by imposing lifetime postrelease supervision.

Next, Bradley asserts that the imposition of lifetime postrelease supervision constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. However, Bradley acknowledges that he did not raise this issue in the district court. Our Supreme Court has held that the issue of cruel and/or unusual punishment will not be reviewed for

the first time on appeal because it requires the district court's findings upon the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). See *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011). Because Bradley failed to raise his constitutional claim in the district court, he has failed to preserve this issue for appeal.

Affirmed.