NOT DESIGNATED FOR PUBLICATION

No. 114,474

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD ADAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 17, 2016. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*:  Donald Adams appeals the district court's order granting the State's motion to correct illegal sentence. The district court originally sentenced Adams to imprisonment and 24 months' postrelease supervision, but upon the State's motion, the district court resentenced Adams to lifetime postrelease supervision. Adams claims that the district court lacked jurisdiction to modify his sentence. He also claims that lifetime postrelease supervision constitutes cruel and unusual punishment. For the reasons set forth herein, we affirm the district court's judgment.

The facts are straightforward and undisputed. On January 30, 2012, pursuant to a plea agreement, Adams pled no contest to three counts of aggravated indecent solicitation

1

of a child. On April 6, 2012, the district court sentenced Adams to a controlling term of 68 months' imprisonment and 24 months' postrelease supervision. Adams appealed his sentence, but our Supreme Court dismissed the appeal on February 7, 2014, because it lacked jurisdiction to consider Adams' challenge to his presumptive sentence. *State v. Adams*, No. 108,066, 2014 WL 503461 (Kan. 2014) (unpublished opinion).

On May 19, 2015, the State filed a motion to correct illegal sentence, arguing that the controlling statutes at the time of Adams' offenses required lifetime postrelease supervision, not the 24 months the district court had imposed. The district court held a hearing on the motion on July 1, 2015. At the hearing, Adams claimed that modifying his postrelease supervision to lifetime supervision would be cruel and unusual punishment in violation of the Kansas Constitution Bill of Rights and the United States Constitution. The district court granted the State's motion and resentenced Adams, imposing lifetime postrelease supervision. Adams timely appealed.

In his first issue on appeal, Adams contends that the district court lacked jurisdiction to resentence him and impose lifetime postrelease supervision. The State argues that the district court had jurisdiction to correct Adams' original sentence because it was illegal. Whether a court has subject matter jurisdiction presents a legal question over which an appellate court exercises unlimited review. *State v. Toahty-Harvey*, 297 Kan. 101, 104, 298 P.3d 338 (2013). To the extent that jurisdiction turns on the interpretation of statutes, an appellate court also engages in unlimited review. *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

Adams claims that once his sentence was pronounced and final, the district court lost jurisdiction to modify the sentence. But the general rule prohibiting a district court from modifying a sentence after it is pronounced applies only to a *legal* sentence. See *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011) ("If the trial court had imposed a lawful lesser sentence, the court was without jurisdiction to later modify that

sentence."). A district court has jurisdiction to correct an illegal sentence at any time. See K.S.A. 22-3504(1). An "illegal sentence," as contemplated by K.S.A. 22-3504(1) is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Here, Adams committed his crimes between June 1, 2008, and December 3, 2009; therefore, under K.S.A. 2009 Supp. 22-3717(d)(1)(G) and (d)(2)(G), because he was convicted of aggravated indecent solicitation of a child, he was subject to a "mandatory period of postrelease supervision for the duration of [his] natural life." The district court's original sentence concerning postrelease supervision did not conform to the statutory provision in the term of the authorized punishment; thus, it was an illegal sentence.

Our Supreme Court has previously held that a district court has jurisdiction to correct a sentence rendered illegal by the imposition of an incorrect term of postrelease supervision and impose the correct, legal one. See *Ballard*, 289 Kan. at 1010-12. As Adams acknowledges in his appellate brief, this court has applied *Ballard* to conclude that any defendant that should be sentenced under K.S.A. 22-3717(d)(1)(G) "is to be sentenced under that subsection. Any other sentence imposed is illegal." See *State v. Baber*, 44 Kan. App. 2d 748, 754, 240 P.3d 980 (2010), *rev. denied* 296 Kan. 1131 (2013). Because Adams' original sentence did not include the statutorily mandated term of lifetime postrelease supervision, the sentence was illegal and the district court had jurisdiction to correct the illegal sentence by imposing lifetime postrelease supervision.

Next, Adams argues that the imposition of lifetime postrelease supervision constituted cruel and unusual punishment in violation of his constitutional rights. The State argues that the imposition of lifetime postrelease supervision did not amount to an unconstitutional cruel and unusual punishment. The constitutionality of a sentencing

3

statute is a question of law subject to unlimited appellate review. *State v. Hilt*, 299 Kan. 176, 202, 322 P.3d 367 (2014).

Although Adams generally claims that the imposition of lifetime postrelease supervision violated his rights under the state and federal Constitutions, he has failed to brief an Eighth Amendment claim of unconstitutionality. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Bolze-Sann*, 302 Kan. 198, 219, 352 P.3d 511 (2015) (stating that failing to brief an issue results in a party waiving and abandoning the argument).

As to Adams' claim under our state constitution, courts consider three factors to determine whether a sentence is cruel or unusual in violation of § 9 of the Kansas Constitution Bill of Rights. See *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978). The *Freeman* factors are as follows:

> "(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;
>
> "(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and
>
> "(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." 223 Kan. at 367.

As he acknowledges in his brief, in order to preserve an argument that punishment is cruel and/or unusual under the *Freeman* analysis, Adams had to raise the argument in district court. See *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011) (declining to reach issue on appeal where it was not adequately argued in the district court). Adams

4

briefly argued the *Freeman* factors to the district court. However, the district court did not make specific findings addressing the factors. Instead, the district judge stated, without further explanation: "I also find and know precedent that ordering lifetime post release for these offenses is not an unconstitutionally cruel and unusual punishment." Adams did not object to the inadequacy of the district court's findings.

Adams now asks this court to remand and instruct the district court to hold a hearing and make specific findings on the *Freeman* factors. He relies on *State v. Seward*, 289 Kan. 715, 720-21, 217 P.3d 443 (2009), as support for his assertion that this court may remand to the district court for a hearing on the *Freeman* factors. In *Seward*, our Supreme Court placed shared responsibility on the district judge, the defendant, and defense counsel for the lack of adequate findings and conclusions regarding the *Freeman* factors. 289 Kan. at 720. Recognizing that whether lifetime postrelease supervision constituted cruel or unusual punishment was a relatively new claim at the time of the defendant's sentence, the *Seward* court excused the defendant's failure to object to the inadequacy of the district court's findings and remanded for further proceedings. 289 Kan. at 721. However, the *Seward* court further stated:

> "In the future, a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district court are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary." 289 Kan. at 721.

Since *Seward*, both our Supreme Court and this court have followed *Seward*'s warning that litigants must ensure that the district court make adequate findings and conclusions on the *Freeman* factors or lose the opportunity for appellate review. See, *e.g.*, *State v. Boleyn*, 297 Kan. 610, 630-31, 303 P.3d 680 (2013), (rejecting request for remand pursuant to *Seward*); *State v. Rogers*, 297 Kan. 83, 89-90, 298 P.3d 325 (2013) (same); *State v. Reed*, 50 Kan. App. 2d 1133, 1138-39, 336 P.3d 912 (2014) (stating that defendant's failure to ensure the district court made adequate findings and conclusions on

*Freeman* challenge foreclosed this court's review), *rev. denied* 302 Kan. ___ (September 10, 2015).

Our Supreme Court's recent holding in *State v. Reed*, 300 Kan. 494, 514, 332 P.3d 172 (2014), is particularly helpful. In that case, the defendant argued that the district court's imposition of life sentences without the possibility of parole for 40 years was cruel and/or unusual punishment, in violation of the Kansas Constitution Bill of Rights and the Eighth Amendment. The defendant raised the constitutional issue at his sentencing hearing, but the district court did not make specific findings in response to the argument. On appeal, when the defendant asked our Supreme Court to remand to the district court to make sufficient findings, our Supreme Court rejected the request. 300 Kan. at 513-14. Pointing out that it had filed its opinion in *Seward* over a year before the defendant's sentencing, our Supreme Court held that a remand for factual findings was not appropriate in the defendant's case. 300 Kan. at 514.

Similarly, a remand for further findings and conclusions is not appropriate here. The hearing on the State's motion to correct Adams' illegal sentence occurred on July 1, 2015, over 5 years after *Seward* was filed. Adams should have known that it was his responsibility to make sure there were factual findings and legal conclusions on the record adequate to preserve the issue for appeal. Because Adams failed to ensure that the district court made adequate findings and conclusions on the *Freeman* factors, he has failed to preserve this issue for appeal.

Affirmed.