NOT DESIGNATED FOR PUBLICATION

No. 114,993

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIM L. DODD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 10, 2016. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*:  Jim L. Dodd appeals the district court's order granting the State's motion to correct illegal sentence. Dodd claims the district court lacked jurisdiction to modify his postrelease supervision term from 12 months to 24 months. For the reasons stated herein, we reject Dodd's argument and affirm the district court's judgment.

On November 5, 2012, Dodd pled guilty to one count of possession of marijuana with intent to distribute and one count of no tax stamp in case no. 11CR2579. On December 19, 2012, the district court imposed a controlling sentence of 37 months'

imprisonment but granted Dodd a downward dispositional departure to 18 months' probation. At the sentencing hearing, the district judge pronounced: "Your post-release term in [11CR2579] is 24 months." However, the journal entry recorded the postrelease supervision term as 12 months. The parties do not appear to have noticed the discrepancy in the postrelease supervision term at the time of sentencing.

In June 2014, the district court issued an order for Dodd to appear due to his failure to pay court costs in violation of his probation. At the probation revocation hearing on June 30, 2014, the district court ordered Dodd to pay $50 per month towards his balance on court costs and extended his probation for 12 months. The district court did not modify Dodd's underlying sentence, and the journal entry for the probation revocation hearing maintained the originally recorded underlying sentence, including the erroneous 12-month postrelease supervision term.

On August 28, 2014, the district court issued a warrant alleging that Dodd had violated the terms of his probation on numerous grounds including using marijuana and being discharged from substance abuse therapy. On October 28, 2014, the district court revoked Dodd's probation and ordered him to serve a modified sentence of 24 months' imprisonment. The judge did not mention postrelease supervision at the hearing, and the journal entry again included the erroneous 12-month postrelease supervision term.

On March 2, 2015, the State filed a motion to correct illegal sentence asking the district court to "accurately reflect this is a 24 month post release case." At a hearing on March 27, 2015, the State argued that at the time of the original sentence, the 12-month postrelease supervision term included in the journal entry was an illegal sentence under the revised Kansas Sentencing Guidelines Act (KSGA), which requires 24 months' postrelease supervision for Dodd's offenses. The district court agreed with the State and ordered the previous postrelease supervision term of 12 months to be corrected to a term of 24 months. Dodd timely appealed the modification of the postrelease supervision term.

2

On appeal, Dodd argues that although the district court's imposition of a 12-month postrelease supervision term may have been illegal at the time of the original sentencing, it was not illegal at the time the State filed its motion to correct illegal sentence because Dodd's sentence had been modified by the district court at the probation revocation hearing. The district court does not have jurisdiction to modify a legal sentence. Thus, Dodd argues that the district court lacked jurisdiction to increase the 12-month postrelease supervision term to 24 months.

In response, the State argues that at Dodd's initial sentencing hearing, he received the 24-month postrelease supervision term statutorily mandated for his crimes of conviction. The State maintains that the 24-month postrelease supervision term pronounced from the bench at Dodd's original sentencing hearing controls over the 12-month term included in the journal entry. The State argues that because the district court simply reinstated the erroneous 12-month postrelease supervision portion of Dodd's sentence at the probation revocation hearings, it remained an illegal sentence, and the district court did not err in granting the State's motion to correct it.

Once a legal sentence is pronounced from the bench, the district court does not have jurisdiction to modify it. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). However, an illegal sentence can be corrected at any time. K.S.A. 22-3504(1). Whether a sentence is illegal is a question of law over which an appellate court exercises unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 as:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment, or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" 301 Kan. at 551.

A criminal sentence is effective when pronounced from the bench and controls in the event of any difference between the pronouncement and the journal entry. *Abasolo v. State*, 284 Kan. 299, 304-05, 160 P.3d 471 (2007). Here, at Dodd's original sentencing hearing on December 19, 2012, the district court orally pronounced a postrelease supervision term of 24 months. The 12-month postrelease supervision term included in the journal entry did not comply with the applicable postrelease supervision term under K.S.A. 2012 Supp. 22-3717(d)(1)(B), and therefore was illegal at the time of the original sentencing. See *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009) (district court does not have discretion at sentencing to impose a term of postrelease supervision that is shorter than the period mandated by statute; court has jurisdiction to correct illegal sentence and impose statutory postrelease supervision).

The State did not move to correct the postrelease supervision term in the journal entry until after the October 28, 2014, probation revocation hearing. Under K.S.A. 2012 Supp. 22-3716(b), if a probation violation is established, a district court may "continue or revoke the probation . . . and may require the defendant to serve the sentence imposed, or *any lesser sentence*." (Emphasis added.) The issue here is whether the district court's modification of Dodd's prison term at his probation revocation hearing from 37 months to 24 months somehow constituted a modification of his postrelease supervision term.

Dodd argues that because the 12-month postrelease supervision term was a lesser sentence than the original 24-month term, the subsequent journal entry after the probation revocation converted the lesser postrelease supervision term into a legal sentence. Dodd cites *State v. McNight*, 292 Kan. 776, 258 P.3d 339 (2011), to support his argument. In *McNight*, the defendant was convicted of possession of marijuana with intent to distribute and was placed on probation with an underlying sentence of 30 months' imprisonment and 24 months' postrelease supervision. The district court later revoked the defendant's probation, imposed a modified sentence of 22 months' imprisonment, and mistakenly imposed no postrelease supervision based on a misunderstanding of the relevant

4

sentencing statute. Two months later, the State made an oral motion to correct illegal sentence which the district court granted and reinstated the defendant's 24-month postrelease supervision term.

On appeal, our Supreme Court determined that K.S.A. 22-3716(b), which provides authority to modify a sentence upon revocation of probation, applies to the postrelease supervision term as well. 292 Kan. at 782. The court held that because the defendant's modified sentence with no postrelease supervision was a legal lesser sentence, even though mistakenly imposed, the district court had no jurisdiction to "correct" the legal sentence and reinstate the 24-month postrelease supervision term. 292 Kan. at 783.

*McKnight* is distinguishable from Dodd's case. In *McKnight*, the district court expressly modified the defendant's postrelease supervision term at the probation revocation hearing, even though the modification was based on a misunderstanding of the relevant sentencing statute. Here, the district court orally pronounced a 24-month postrelease supervision term at Dodd's original sentencing hearing that controlled over the 12-month postrelease supervision term included in the journal entry. When Dodd's probation was later revoked, the district court did not mention postrelease supervision at the hearing. Instead, the erroneous 12-month postrelease supervision term included in the original journal entry was carried over in the journal entry of the probation revocation hearing. Essentially, the State's motion to correct illegal sentence was merely a motion to correct a clerical error in the original journal entry of sentencing that was carried over to subsequent journal entries. See K.S.A. 22-3504(2).

This court recently held that where the district court merely reinstates an illegal postrelease supervision term without modification, that sentence remains illegal and the district court does not err in granting a motion to correct an illegal sentence. In *State v. Roth*, No. 113,753, 2016 WL 3659800 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* August 8, 2016, the defendant was convicted of one count of aggravated

5

sexual battery and two counts of aggravated burglary. The district court originally imposed a controlling sentence of 102 months' imprisonment with 24 months' postrelease supervision. 2016 WL 3659800, at *1. The district court subsequently revoked the defendant's probation and imposed a modified sentence of 51 months' imprisonment including the original 24-month postrelease supervision term. 2016 WL 3659800, at *1.

The State later filed a motion to impose lifetime postrelease supervision as required by the KSGA for the defendant's aggravated sexual battery conviction. In response, the defendant argued that under K.S.A. 2010 Supp. 22-3716(b), his sentence was modified to a legal lesser term when his probation was revoked. 2016 WL 3659800, at *1. In upholding the sentence of lifetime postrelease supervision, the *Roth* court stated:

> "Here, the district court did not modify Roth's postrelease supervision term but merely reimposed the original but illegal term of 24 months' postrelease supervision. The fact that the district court modified Roth's prison term by ordering the sentences to be served concurrently instead of consecutively does not change our analysis because Roth only complains about the part of his sentence the State sought to modify: the postrelease supervision term. Therefore, because the illegal part of Roth's sentence was simply carried over, it remained illegal and the district court did not err in granting the State's motion to correct an illegal sentence." 2016 WL 3659800, at *3.

The analysis in *Roth* applies to Dodd's case. The district court imposed a 24-month postrelease supervision term at Dodd's original sentencing hearing. The 24-month postrelease supervision term pronounced from the bench controlled over the 12-month term included in the original journal entry and carried over to subsequent journal entries. The district court *never modified* Dodd's postrelease supervision term at the probation revocation hearing. Therefore, the postrelease portion of Dodd's sentence remained illegal and the district court did not err in granting the State's motion to correct illegal sentence.

Affirmed.

6