NOT DESIGNATED FOR PUBLICATION

No. 118,045

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER W. HARTMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed June 29, 2018. Affirmed in part and dismissed in part.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: Following the revocation of Christopher W. Hartman's probation, the State moved to correct his illegal sentence. The district court ordered Hartman to serve lifetime postrelease supervision rather than 24 months' postrelease supervision, which was originally ordered when he was sentenced for aggravated solicitation of a child. Hartman appeals, arguing that the district court did not have jurisdiction to do so. He also contends that the district court erred further when it failed to make findings relating to his constitutional challenge to lifetime postrelease supervision.

1

On March 20, 2012, and consistent with a plea agreement with the State, Hartman pled no contest to aggravated indecent solicitation of a child under K.S.A. 21-3511—what is now K.S.A. 2017 Supp. 21-5508(b). He also agreed that if granted probation, he would complete a sex offender treatment program, get a drug and alcohol evaluation, and follow all recommendations from the evaluation.

The district court followed the plea agreement at the sentencing hearing on June 28, 2012, imposed an underlying 34-month prison sentence, and granted probation. But the court also ordered a postrelease supervision term of only 24 months.

Near the end of Hartman's probation term he tested positive for drugs, and the court ordered a 72-hour quick dip and extended Hartman's probation by 12 months.

In January 2016, the court ordered a graduated 180-day prison sentence when Hartman again tested positive for drugs and extended his probation for another 12 months. On the date of the hearing, the State gave notice that it would be moving to correct Hartman's postrelease supervision term from 24 months to the statutorily mandated lifetime postrelease supervision.

At the end of 2016, the State again moved to revoke Hartman's probation because he once again tested positive for drugs. The district court revoked Hartman's probation and ordered him to serve his original underlying sentence.

In May 2017, the State moved to correct the postrelease supervision term of Hartman's sentence. Hartman argued that lifetime postrelease supervision as applied to him would be unconstitutional cruel and unusual punishment and that the State's motion was untimely. Hartman cited *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978), and claimed that the *Freeman* factors for cruel and unusual punishment weighed in his favor.

After hearing the matter, the district court granted the State's motion and ordered Hartman to serve lifetime of postrelease supervision. The district court did not address the *Freeman* factors, and Hartman did not object or insist on the court addressing them. Hartman's appeal brings the matter to us.

Hartman argues that the sentence imposed on him after his probation was revoked was a legal sentence and the district court did not have jurisdiction to later modify it. Hartman concedes that Kansas law requires anyone convicted of a sexually violent crime to be subject to lifetime postrelease supervision. But he argues that the district court was permitted to impose a lesser sentence when it revoked his probation, and he contends that is what happened here. From this he concludes that the new and lesser sentence imposed at his probation revocation hearing was a legal sentence, and the district court did not have jurisdiction to later modify it by imposing lifetime postrelease supervision.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is an issue of law which we review de novo. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence is one that does not conform to the statutory provisions, either in the character of the punishment or the duration of the term of punishment. 304 Kan. at 417. Under K.S.A. 22-3504(1), the court may correct an illegal sentence at any time; but once a legal sentence is pronounced from the bench, the court no longer has jurisdiction to modify it without specific statutory permission. *State v. McKnight*, 292 Kan. 776, 779, 257 P.3d 339 (2011).

K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides that if a probation violator has already been sanctioned, the court may require the "violator to serve the sentence imposed, or any lesser sentence."

At the time of Hartman's May 2011 crime, K.S.A. 2010 Supp. 22-3717(d)(1)(G) provided that "persons convicted of a sexually violent crime committed on or after July 1,

3

2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." Aggravated indecent solicitation of a child—Hartman's crime of conviction—is a sexually violent crime under K.S.A. 2010 Supp. 22-3717(d)(2)(G).

Hartman's first claim is that the district court applied K.S.A. 2016 Supp. 22-3716(c)(1)(E) to impose a lesser sentence in the form of a shorter postrelease supervision term when it pronounced his new sentence after it revoked his probation. Thus, his otherwise illegal sentence became legal when the court imposed this lesser term.

We are not persuaded by this argument. The district court did not use K.S.A. 2016 Supp. 22-3716(c)(1)(E) to impose a lesser sentence. At Hartman's probation revocation hearing the district court stated, "I'm going to order that Mr. Hartman's probation be revoked and that he be ordered to serve the sentence that was imposed by Judge Roth on June 28 of 2012." The district court went on to say, "Mr. Hartman, you are eligible to receive good-time credit of up to 15 percent while incarcerated, and upon your release, you would be placed on postrelease supervision for a period of 24 months." The district court merely ordered Hartman to serve the original illegal sentence and did not impose a new and lesser sentence. This contrasts with the situation in *McKnight*, 292 Kan. at 782-83, where the district court completely removed the postrelease supervision term, thus modifying the original sentencing order and making the sentence legal. In our case, the district court simply ordered Hartman to serve his original sentence and did not modify Hartman's original sentence. See *State v. Reed*, 50 Kan. App. 2d 1133, 1134-37, 336 P.3d 912 (2014). Hartman's first argument fails.

Second, Hartman claims the district court erred when it failed to address the *Freeman* factors that he raised in his constitutional challenge to the imposition of lifetime postrelease supervision.

4

Our Supreme Court has resolved this issue contrary to Hartman's position by imposing on the defendant the responsibility to ensure that the district court makes *Freeman* findings in its ruling. See Supreme Court Rule 165(a) (2018 Kan. S. Ct. R. 215); *State v. Reed*, 300 Kan. 494, 514, 332 P.3d 172 (2014); *State v. Seward*, 289 Kan. 715, 721, 217 P.3d 443 (2009) (stating "a defendant who wishes to appeal on the basis of a constitutional challenge to a sentencing statute must ensure the findings and conclusions by the district judge are sufficient to support appellate argument, by filing of a motion invoking the judge's duty under Rule 165, if necessary"). Failure to ensure that the district court makes the *Freeman* findings forecloses appellate review. See *Reed*, 300 Kan. at 514.

Hartman argues that *Reed* was wrongly decided. But we are "duty bound to follow to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previously position." *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We see no such indication. Because Hartman failed to ensure that the district court made factual findings relating to the *Freeman* factors, this issue has not been preserved for appeal, and this claim is dismissed.

Affirmed in part and dismissed in part.