Beier, J., concurring:
I understand the pull of plain language and precedent in this case, as well as the eloquent endorsement our dissenting justices may take from the Legislature's silence on the "any lesser sentence" language in K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) during the seven years since State v. McKnight , 292 Kan. 776, 257 P.3d 339 (2011), was decided. But I write separately to reinforce the majority decision in this case with an alternative and more broadly applicable plain language rationale that I find persuasive.
Neither party nor the majority nor any of our previous decisions, including McKnight , has focused on the opening language of K.S.A. 2017 Supp. 22-3716(b)(3)(B) : "Except as otherwise provided ...." But this introduction must mean something. See State v. Toliver , 306 Kan. 146, Syl. ¶ 3, 392 P.3d 119 (2017).
What is more, the phrase casts the widest possible net-not restricted by a modifying "in this subsection" or "in this section" or "in this Act" or a recitation of specific statutory citations. The Legislature certainly knows how to enact such limitations on an "otherwise provided" phrase if it desires them. See, e.g., K.S.A. 2017 Supp. 21-6806(c) ("[e]xcept as otherwise provided by K.S.A. 21-6617, 21-6618, 21-6619, 21-6622, 21-6624, 21-6625, 21-6628 and 21-6629, and amendments thereto " [emphasis added] ).
This means that whatever may be "otherwise provided" can appear anywhere in Kansas statutes, including those that set mandatory minimum penalties for certain crimes. K.S.A. 22-3717(d)(1)(G) and K.S.A. 22-3717(d)(2)(G), under which defendant Ernest E. Sandoval and his crime and punishment fall, are among those statutes. They may be correctly characterized as "general" when compared to K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) and its predecessor by another number, but they nevertheless "otherwise provide" that Sandoval's postrelease supervision period must be lifetime, not 24 months. This is the case regardless of whether a sentencing judge originally or after probation revocation realized it.
Although the dissenters are correct that public policy design generally is not the courts' game, merely reading the statute as a whole in this case, including its introductory "[e]xcept as otherwise provided," does have the additional benefit of bringing it into harmony with one of the explicit purposes of the Kansas Sentencing Guidelines Act: uniformity. State v. Brown , 305 Kan. 674, 697, 387 P.3d 835 (2017). The KSGA standardized sentences " 'so that similarly situated offenders would be treated the same, thus limit[ing] the effects of racial and geographic bias.' " State v. Keel, 302 Kan. 560, 574, 357 P.3d 251 (2015), cert. denied --- U.S. ----, 136 S.Ct. 865, 193 L.Ed.2d 761 (2016). The outcome and reasoning in today's majority and this *371 concurrence relieves what would otherwise be tension with the Legislature's stated goal.
Nuss, C.J., and Biles, J., join the foregoing concurring opinion.