NOT DESIGNATED FOR PUBLICATION

No. 119,922

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VERNON SCOTT DARNELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Linn District Court; TERRI L. JOHNSON, judge. Opinion filed May 3, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., GREEN and POWELL, JJ.

PER CURIAM: Vernon S. Darnell pled guilty to one count of indecent solicitation of a child. He committed this offense on May 4, 2012. The district court sentenced him to a 20-month period of imprisonment. This sentence also included a 24-month term of postrelease supervision. This postrelease supervision sentence was later changed to a sentence of lifetime postrelease supervision. On appeal, Darnell contends that the district court erred when it ordered him to serve a term of lifetime postrelease supervision. We granted Darnell's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State did not object to summary disposition.

1

The principal argument of Darnell on appeal is that the district court erred when it ordered him to serve a period of lifetime postrelease supervision. His argument is based on the district court initially imposing a 24-month term of postrelease supervision when it revoked his probation. He argues that when the district court ordered the shorter term of postrelease supervision, this constituted a valid modification of the lifetime postrelease supervision under K.S.A. 2012 Supp. 22-3717(d)(1)(G). As a result, he contends that the district court no longer had the jurisdiction to later modify the 24-month term of postrelease supervision.

To support this argument, Darnell relies on *State v. McKnight*, 292 Kan. 776, 780-83, 257 P.3d 339 (2011) (holding that court may impose any lesser sentence at probation revocation, including sentence with no postrelease supervision). Darnell also points out that the *McKnight* holding has been limited under certain circumstances. See *State v. Sandoval*, 308 Kan. 960, 964-65, 425 P.3d 365 (2018) (holding that *McKnight* does not apply in situations where the district court shows no intention to order a lesser sentence, allowing an originally imposed illegal sentence to be corrected at any time).

Here, we are not persuaded that the district court intended to order a lesser term of postrelease supervision. Indeed, at the hearing to modify the postrelease supervision period, the district court determined that the presentence investigation (PSI) report was incorrect. In explaining that she had incorrectly relied on the PSI report to sentence Darnell to a 24-month term of postrelease supervision, Judge Johnson stated the following:

> "THE COURT:  And Aggravated Indent Solicitation of a Child under 22-3717 []
> (d) is a sexually violent crime; and under [(d)(2)](F), Indecent Solicitation of a Child
> under (a) of [21-]5508 is a sexually violent crime.
> "So I'm going to find that the presentence investigation was in error of that and
> the Court has the ability to correct at any time something that is incorrect pursuant to
> statute. It was incorrect. The Court incorrectly, based on the presentence investigation,

2

imposed post-release supervision, I believe, of 24 months. That is incorrect and not in compliance with Kansas law. Pursuant to K.S.A. 22-3717, Indecent Solicitation of a . . . Child is a sexually violent crime and they . . . therefore, . . . it's a mandatory period of post-release of lifetime."

Here, Darnell was convicted of committing indecent solicitation of a child in violation of K.S.A. 2012 Supp. 21-5508(a)(1). Indecent solicitation of a child is a sexually violent crime as defined in K.S.A. 2012 Supp. 22-3717(d)(2)(F). An individual "convicted of a sexually violent crime . . . who [is] released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2012 Supp. 22-3717(d)(1)(G).

Under Kansas law, the court was required to sentence Darnell to lifetime postrelease supervision. See K.S.A. 2012 Supp. 22-3717(d)(1)(G). Darnell's original sentence was illegal and the court took the proper steps to correct the illegality. Darnell's arguments are unpersuasive because the court was legally required to sentence him to lifetime postrelease supervision.

Affirmed.

3