NOT DESIGNATED FOR PUBLICATION

No. 123,651

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW A. DEAL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed February 11, 2022. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Matthew A. Deal appeals the district court's decision revoking his probation and ordering him to serve his original sentence. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

On December 26, 2019, Deal pled guilty to one count of making a false information for a crime he committed in November 2018. On January 23, 2020, the district court sentenced Deal to 19 months' imprisonment with 12 months' postrelease

supervision, but the court granted Deal's request for a dispositional departure to probation for 18 months to be supervised by community corrections.

Deal was scheduled to report to his intensive supervision officer (ISO) on March 4 and March 11, 2020, but he failed to report. On March 16, 2020, the State moved to revoke Deal's probation. The district court issued a warrant and Deal was arrested, but he was released on bond. On September 24, 2020, Deal failed to appear at his hearing. The district court issued a bench warrant and Deal was arrested and held in custody.

On November 12, 2020, the district court held a probation violation hearing. Deal admitted to not reporting to his ISO on March 4. Deal could not recall if he reported on March 11, so the State called Mike Bruner, Deal's ISO, to testify. Bruner testified that he and Deal met four times before he completely stopped reporting.

Deal also testified at the hearing and asserted that he could not report to his ISO either because he was homeless and had no transportation, or because he was incarcerated. After the evidence was presented, the State recommended revocation of Deal's probation. Deal requested an intermediate sanction or drug treatment. The district court found that because Deal was granted a dispositional departure, no intermediate sanctions were required. The district judge revoked Deal's probation and imposed his original sentence saying, "We can't keep track of him. I'm going to grant the motion to revoke and remand him to serve [his] sentence." Deal filed a notice of appeal.

On August 23, 2021, Deal was released from prison and is now serving his 12-month postrelease supervision. On October 25, 2021, the State filed a notice of change in custodial status under Supreme Court Rule 2.042, with a certification from the Kansas Department of Corrections asserting that Deal had served his prison sentence and is now on postrelease supervision. (2022 Kan. S. Ct. R. at 18).

ANALYSIS

Deal claims the district court "abused its discretion by imposing [his] original sentence without modification." The State argues the appeal is moot because Deal has served his entire sentence. Alternatively, the State asserts the district court did not abuse its discretion when it revoked Deal's probation and ordered him to serve his original sentence. Deal replies that his appeal is not moot because he remains on postrelease supervision and so he has not completed his entire sentence.

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable or it is based on an error of law or fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2020 Supp. 22-3716(c) limits the court's discretion in deciding how to sanction a felony probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, but the court can bypass the intermediate sanctions if certain exceptions apply. K.S.A. 2020 Supp. 22-3716(c)(7)(A)-(D).

To begin, the State argues this appeal is moot because Deal has served his prison sentence. Deal replies that his appeal is not moot because he remains on postrelease supervision. Without deciding whether Deal's appeal can be dismissed as moot, we choose to address the merits of his claims.

3

Deal first points out that upon revoking a defendant's probation, the district court may order the defendant to serve the original sentence, "or any lesser sentence," including a shorter term of postrelease supervision. See K.S.A. 2020 Supp. 22-3716(b)(3)(B)(iii); *State v. McKnight*, 292 Kan. 776, 782-83, 257 P.3d 339 (2011). Deal asserts that the district court had the option to impose a mitigated sentence or term of postrelease supervision when it revoked his probation, but the court "chose not to."

But Deal argued for sanctions or treatment at the probation violation hearing, he did not ask for a lesser sentence. The district court need not expressly consider on the record whether the defendant's sentence should be modified when the issue is not raised at the probation violation hearing. *State v. Reeves*, 54 Kan. App. 2d 644, 647, 403 P.3d 644 (2017). Ordinarily issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Thus, Deal's argument that the district court could have imposed a "lesser sentence" upon revoking his probation is not preserved for appeal.

Deal then points out that he owned up to his struggles with drugs and homelessness at the hearing and asked for a chance to get his life back on track through inpatient treatment. He asserts that sending him to prison "under these unique circumstances was unreasonable." Deal also argues that the district court "could have imposed intermediate sanctions, allowing [him] to pursue inpatient drug treatment while continuing his probation."

The district court had discretion to revoke Deal's probation because his original sentence resulted from a dispositional departure. K.S.A. 2020 Supp. 22-3716(c)(7)(B); see *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). Since the district court had the statutory authority to revoke Deal's probation without first imposing intermediate sanctions, the issue is whether the district court's actions were otherwise unreasonable.

A court abuses its discretion if no reasonable person would have taken the court's position. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The district court showed leniency by placing Deal on probation in the first place. At the probation violation hearing, Deal admitted that he failed at least one time to report to his ISO, and his ISO provided more information about Deal not reporting. Deal also failed to appear at his first probation violation hearing. As the district court stated at the hearing, a probation term will not be successful if the court cannot keep track of the defendant. We are unable to say that no reasonable person would agree with the district court's decision. Deal has failed to meet his burden of showing the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.