NOT DESIGNATED FOR PUBLICATION

No. 126,672

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN LYNN DRYDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed November 1, 2024. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*David M. Grace*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Justin Dryden pleaded guilty to one count of theft by deception, a severity level 9 nonperson felony. At sentencing, the district court granted a downward durational departure to a 7-month prison sentence and imposed 12 months of postrelease supervision. On appeal, Dryden claims the district court erred when it imposed this postrelease-supervision term, arguing the court had discretion to waive postrelease supervision altogether. But Dryden's argument runs counter to Kansas statutes and Kansas Supreme Court caselaw. We affirm the district court's judgment.

1

Dryden once worked for Hunt Plumbing, but his employment was terminated in May 2022. Hunt Plumbing did not authorize Dryden to use the company's credit lines after he stopped working for the company. Yet in July 2022, Dryden claimed to be authorized to purchase tools on Hunt Plumbing's account with a tool supplier, Ferguson Enterprises, and charged $2,727 worth of Milwaukee tools to that account. Hunt Plumbing contested this charge, explaining that Dryden was fired in May and was not authorized to make the purchase in July.

Dryden pleaded guilty to one count of theft by deception, a severity level 9 nonperson felony, for which he faced a presumptive sentence of 9 to 11 months in prison due his criminal history and special sentencing rules. As part of the plea agreement, the State and Dryden agreed to jointly seek a downward durational departure to a 7-month prison sentence. The parties also recommended that the court waive any postrelease supervision.

At the plea hearing, the district court addressed this recommendation, as postrelease supervision is required under Kansas law—that despite the parties' recommendation in the plea agreement, postrelease supervision "must be imposed." After some discussion, Dryden's attorney acknowledged that Dryden understood that the court could "impose anything within the statutory limits." Dryden orally confirmed that this was his understanding as well, and yet he still wished to plead no-contest to the charge. The court accepted this plea and ultimately imposed a 7-month prison sentence and 12 months of postrelease supervision.

On appeal, Dryden asserts that the district court erred in imposing that 12-month supervision term, arguing that the court failed to appreciate that it had discretion to waive postrelease supervision if appropriate. But as the district court correctly recognized, Dryden's argument is incorrect under Kansas law.

K.S.A. 22-3717, which governs postrelease supervision and parole for Kansas offenses, states that people who commit crimes and are sentenced to a prison term are released with a "mandatory period of postrelease supervision." K.S.A. 22-3717(d)(1). The statute indicates that people like Dryden, who receive prison sentences for severity level 9 crimes, "must serve 12 months on postrelease supervision." K.S.A. 22-3717(d)(1)(C). Although district courts have some discretion to decrease that duration "based on the offender's compliance with the conditions of supervision and overall performance while on postrelease supervision," K.S.A. 22-3717(d)(1)(E), the initial term of postrelease supervision—here, 12 months—is statutorily required.

Indeed, the State points out that if the district court had waived Dryden's 12-month postrelease supervision, it would have imposed an illegal sentence. We agree. Our Kansas Supreme Court has consistently held that K.S.A. 22-3717(d)(1) does not give district courts discretion to impose a term of postrelease supervision that is shorter than the period mandated by statute. *State v. McKnight*, 292 Kan. 776, 782, 257 P.3d 339 (2011). Imposition of a postrelease-supervision term other than that mandated by the statute results in an illegal sentence that must be corrected. 292 Kan. at 782.

It is unfortunate that Dryden's plea agreement included a recommendation that did not comply with this statutory mandate. But the district court warned Dryden at the plea hearing that "a post-release sentence must be imposed" under Kansas law. Dryden personally confirmed he understood that the court was not bound by the parties' recommendation and still wished to enter his plea. And Dryden ultimately pleaded to a severity level 9 nonperson felony and received a prison sentence. The district court correctly found that Kansas law required it to order Dryden to serve 12 months of postrelease supervision for that offense.

Affirmed.